Docket No. 06 Civ. 03761 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE and JOHN DOE,

Plaintiffs,

-against-

JAMIE DEL RIO, individually and as officer; VINCENT KONG, individually and as officer; STEVEN BOBBETT, individually and as officer; SCOTT BRADY, individually and as sergeant; RAYMOND KELLY, individually and as Commissioner of the New York City Police Department; and CITY OF NEW YORK,

Defendants.

## DEFENDANTS CITY OF NEW YORK AND RAYMOND KELLY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO FED. R. CIV. P. RULES 10(A) AND 17(A), REQUESTING THAT THIS COURT ORDER PLAINTIFFS TO REPLACE THE NAMES OF THE DOE PLAINTIFFS IN THE CAPTION WITH THE ACTUAL NAMES OF THE PLAINTIFFS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants City of New York and*
  *Commissioner Raymond Kelly*
  *100 Church Street*
  *New York, N.Y. 10007*

*Of Counsel: DAVID M. HAZAN*
*Tel: (212) 788-8084*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANE DOE and JOHN DOE,

                      Plaintiffs,

       -against-                      06 Civ. 03761 (GEL)

JAMIE DEL RIO, individually and as officer; VINCENT
KONG, individually and as officer; STEVEN BOBBETT,
individually and as officer; SCOTT BRADY, individually
and as sergeant; RAYMOND KELLY, individually and as
Commissioner of the New York City Police Department;
and CITY OF NEW YORK,

                      Defendants.

------------------------------------------------------------------ x

**DEFENDANTS CITY OF NEW YORK AND RAYMOND KELLY'S MEMORANDUM OF LAW IN SUPPORT ITS MOTION PURSUANT TO FED. R. CIV. P. RULES 10(A) AND 17(A), REQUESTING THAT THIS COURT ORDER PLAINTIFFS TO REPLACE THE NAMES OF THE DOE PLAINTIFFS IN THE CAPTION WITH THE ACTUAL NAMES OF THE PLAINTIFFS.**

## Preliminary Statement

Defendant City of New York submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. Rules 10(a) and 17(a) requesting that this Court order plaintiffs to replace the names of the Doe plaintiffs in the caption with the actual names of the plaintiffs. Rule 10(a) of the Federal Rules of Civil Procedure provides that the complaint must contain the names of all the parties to the action. Moreover, Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of a real party in interest." Thus, in order to proceed anonymously, a party must first seek the Court's permission. Additionally, it is well settled that while courts have permitted parties to use pseudonyms in

cases involving very private matters, parties should not be permitted to proceed under a pseudonym to protect a party's professional or economic life. Accordingly, here plaintiffs should not be permitted to proceed under a pseudonym on the ground that broad publication of their names in any published decisions or otherwise would cause them undue embarrassment and reputational injury.

## STATEMENT OF FACTS

On or about May 16, 2006 plaintiffs obtained an Order from the Honorable Naomi R. Buchwald which permitted plaintiffs to prosecute this action anonymously and Ordered defendants not to disclose the name of plaintiffs to anyone. Defendants were unaware that this application was made to the Court and did not have an opportunity to oppose it. However, the Court also stated that the Order may be modified by the assigned Judge. Plaintiffs commenced this action on or about May 17, 2006, under the fictitious names Jane Doe and John Doe, against the City of New York, Police Officer Jamie Del Rio, Police Officer Vincent Kong, Police Officer Steven Bobbett, Sergeant Scott Brady, and Commissioner Raymond Kelly.

Plaintiff John Doe's Complaint alleges false arrest, malicious prosecution, and excessive force. See Complaint. Plaintiff Jane Doe's Complaint alleges sexual abuse. Id. The allegations of plaintiffs' Complaint result from an incident that occurred on February 20, 2005. Id. at 15.

# ARGUMENT

## PLAINTIFFS SHOULD BE ORDERED TO REPLACE THE JOHN AND JANE DOE PLAINTIFFS IN THE CAPTION OF THIS ACTION WITH THE ACTUAL NAMES OF THE PLAINTIFFS BECAUSE THEY DO NOT HAVE ANY EXCEPTIONAL OR UNUSUAL CIRCUMSTANCES THAT WARRANT CONCEALMENT OF THEIR IDENTITY AND THEIR INTEREST IN PROCEEDING ANONYMOUSLY IS OUTWEIGHED BY THE PUBLIC'S INTEREST IN DISCLOSURE.

Rule 10(a) of the Federal Rules of Civil Procedure requires that "every pleading shall contain a caption setting forth the... title of the action" which in turn must "include the names of all the parties..." Moreover, Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of a real party in interest." "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974). The intent of the rule is to apprise all parties of the identities of their adversaries and to protect the public's legitimate interest in knowing the facts at issue in court proceedings. Doe v. Shakur, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). Accordingly, a party who wishes to proceed anonymously may only do so with the court's permission. Id.; Barth v. Kaye, 178 F.R.D. 371, 376 (N.D.N.Y 1998).

Use of fictitious names is disfavored. It is the exceptional case in which the presumption of openness in judicial proceedings gives way to the privilege of anonymity. Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992); Doe v. Deschamps, 64 F.R.D. at 652. In exercising their discretion, the courts have considered the following factors: "(1) whether the plaintiff is challenging government activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether

plaintiff risks injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.". Doe v. Shakur, 164 F.R.D. at 361; Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazal, P.C., No. 96 CV 1756 (LAP), 1997 U.S. Dist. LEXIS 4517, at *14 (S.D.N.Y. April 10, 1997); Doe v. City of New York, 01 Civ. 1740 (LAK), 2001 U.S. Dist. LEXIS 8601, at *5 (June 28, 2001).

All of these factors weigh in favor of public disclosure and against plaintiff's desire to proceed anonymously. First, this suit is brought against a municipal entity and individual defendants in their official and individual capacities. Plaintiffs allege civil rights violations and seek monetary damages as against these individuals. "[P]laintiff[s are] challenging government activity, which [ ] appears to cut against [their] position because the involvement of the government indicates that there is public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function in resolving disputes." Doe v. City of New York, 01 Civ. 1740 (LAK), 2001 U.S. Dist. LEXIS 8601, at *6 (June 28, 2001).

Second, this case does not concern matters of utmost intimacy. See Doe v. Deschamps, 64 F.R.D. at 653 (noting that cases permitting plaintiffs to sue under fictitious names have involved highly sensitive and personal matters, such as birth control, abortion, illegitimate or abandoned children and homosexuality). Plaintiffs' interest in protecting their reputation as attorneys and their economic interests do not rise to the level of highly sensitive interests that warrant the protection of proceeding under a pseudonym. While Plaintiffs do not want the facts concerning the incident in question to be known to the public, particularly if their version of events is ultimately not accepted, their alleged dispute with the police do not involve matters of great intimacy. Plaintiff John Doe alleges that he was falsely arrested and that excessive force was used against him. These allegations clearly do not rise to the level of "utmost intimacy" in which Courts have allowed plaintiffs to use pseudonyms in the caption of the Complaint.

Plaintiff Jane Doe claims that defendant Brady touched her in an inappropriate way. Exhibit "A" at ¶ 45, annexed to Hazan Declaration. Although Plaintiff Jane Doe's allegations involve some level of intimacy, defendants submit her allegations do not rise to the level of utmost intimacy that the Courts have recognized in the past for the purpose of proceeding under a pseudonym.

The courts have held that, the "desire to avoid professional embarrassment and economic loss is insufficient to permit [them] to appear without disclosing [their] identity." Free Market Compensation v. Commodity Exchange, Inc., 98 F.R.D. 311, 312 (S.D.N.Y. 1983). See John Doe v. United States Life Insurance Company, 123 F.R.D. 437 (S.D.N.Y 1988) in which the Court permitted plaintiff to proceed under a pseudonym to protect his interest in not being publicly identified as a homosexual but not because of his employment status as a law clerk for a federal judge. Id. at 439. See also Southern Methodist University Ass'n v. Wynne & Jaffe, 599 F.2d 707 (5th Cir. 1979) requiring the disclosure of the identities of female lawyers who publicly accused defendant law firms of violating Title VII.

Furthermore, plaintiffs face no risk of criminal prosecution in this matter, particularly as state charges against them have been dismissed. Doe v. City of New York, 01 Civ. 1740 (LAK), 2001 U.S. Dist. LEXIS 8601, at *6-7 (June 28, 2001). Nor is there any likelihood that plaintiffs might be subjected to physical injury if their names were associated with the facts of the case. Id. at *7. Indeed, plaintiffs have failed to make any showing of injury apart from the potential professional and/or economic injury they contend may result from proceeding under their actual names. As explained above, such interest is plainly insufficient to allow plaintiff to proceed anonymously.

Significantly, plaintiffs have chosen to participate in this litigation. They have made serious accusations against four New York City Police Officers in their *publicly filed Complaint* which includes the officers names in the caption. Doe v. City of New York, 01 Civ. 1740 (LAK), 2001 U.S. Dist. LEXIS 8601, at *8 (June 28, 2001). Additionally, by filing the

Complaint, plaintiffs have placed their own credibility at issue. Id. "Fairness requires that [they] be prepared to stand behind [their] charges publicly." Doe v. Shakur, 164 F.R.D. at 361. Moreover, discovery in this case will require disclosure of information pertaining to plaintiff's encounter with certain Police Officers. These officers will presumably be called upon to defend their actions and their reputations publicly while plaintiff attempts to "hide behind a cloak of anonymity." See Id.; Southern Methodist University Ass'n v. Wynne & Jaffe, 599 F.2d at 713. The officers have no lesser interests in their reputations than plaintiffs, yet plaintiffs have shown no solicitude for the officers' privacy, and they were not afforded an opportunity to seek to have their names withheld from the public. Doe v. City of New York, 01 Civ. 1740 (LAK), 2001 U.S. Dist. LEXIS 8601, at *8 (June 28, 2001). If we are to have a policy of protecting names of individual litigants from public disclosure, there is a very substantial interest in doing so on the basis of equality. Id. It is difficult to conclude that privacy of a member of the Bar is inherently more worthy of protection than that of a police officer. Id.

Because this case does not present any exceptional or unusual circumstances that warrant concealment of plaintiff's identity and because defendants interests would be unfairly prejudiced, plaintiffs should not be permitted to proceed under pseudonyms.

## CONCLUSION

For the foregoing reasons, defendants City of New York and Raymond Kelly respectfully request that the Court order plaintiffs to proceed in this litigation under their actual names.

Dated: New York, New York
July 28, 2006

          MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York
  and Commissioner Raymond Kelly
100 Church Street, Room 3-186
New York, New York 10007
(212) 788-8084

By: _David M. Hazan_
    David M. Hazan (DH 8611)
    Assistant Corporation Counsel

To:    <u>VIA FIRST CLASS MAIL</u>
Honorable Gerard E. Lynch
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

<u>VIA FIRST CLASS MAIL</u>
Carolyn A. Kubitschek, Esq.
Lansner & Kubitschek
Attorneys for Plaintiff
325 Broadway
Suite 201
New York, N.Y. 10007

<u>VIA FIRST CLASS MAIL</u>
Susan J. Walsh
Gould Reimer Walsh Goffin Cohn LLP
61 Broadway
Suite 1601
New York, N.Y. 10006