UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE and JOHN DOE,

                    Plaintiffs,                06 Civ. 03761 (GEL)

      - against -

JAMIE DEL RIO, individually and as officer;
VINCENT KONG, individually and as officer;
STEVEN BOBBETT, individually and as officer;
SCOTT BRADY, individually and as sergeant;
RAYMOND KELLY, individually and as Commissioner
of the New York City Police Department; and
CITY OF NEW YORK,

                    Defendants.
------------------------------------------------------------------X


## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS
## CITY OF NEW YORK AND RAYMOND KELLY'S
## MOTION TO REPLACE THE NAMES
## OF DOE PLAINTIFFS IN THE CAPTION WITH
## THE ACTUAL NAMES OF PLAINTIFFS

Carolyn A. Kubitschek (CK6415)
Lansner & Kubitschek
325 Broadway, Suite 201
New York, NY 10007

Susan D. Walsh (SW9938)
Gould Reimer Walsh Goffin Cohn, LLP
61 Broadway, Suite 1601
New York, New York 10006
(212) 267-2600

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS ..................................................... 2

ARGUMENT ............................................................... 4

    A.    Facts of this Case Involve Matters of the Utmost Intimacy ................. 5

    B.    Plaintiffs Will Suffer Real and Certain Injury if Identified ................. 6

    C.    Plaintiffs' Identities Remain Confidential ............................... 7

    D.    Anonymity Does Not Prejudice Defendants' Case ...................... 8

    E.    Defendant Police Officers are State Actors with an Expectation of Public Scrutiny .............................................................. 9

    F.    Good Public Policy Should Protect the Privacy of Plaintiffs ............... 10

CONCLUSION ............................................................ 12

# PRELIMINARY STATEMENT

This Court should deny the motion of defendants City of New York and Raymond J. Kelly, and permit plaintiff's to continue to proceed in this action anonymously pursuant to the May 16, 2006 Order of United States District Court Judge Naomi Reice Buchwald. (The remaining defendants – defendants Scott Brady, Steven Bobbett, Jamie DelRio, and Vincent Kong – have not joined in the motion.) Alternatively, if plaintiffs are not permitted to alone proceed unnamed, then all parties should be permitted to proceed anonymously.

A plaintiff is permitted to proceed anonymously when the party's substantial privacy interest outweighs the presumption of disclosure. Free Speech v. Reno, 98 Civ. 2860, 1999 WL 47310, *2 (S.D.N.Y. Feb. 1, 1999). In this case plaintiff's privacy interests outweigh that presumption.

Defendants City and Kelly miscast the thrust of plaintiffs' application to proceed anonymously by suggesting that plaintiffs seek anonymity only to protect their professional reputations as attorneys and their economic interests. (*See* Def. Mem. at 4-5). Defendants have missed the point. Plaintiffs seek to protect the integrity of their marriage, prevent further disruption and damage to their relationship by public disclosure of the harm already visited upon their marriage, their mental and physical health and, indeed their professional reputations by the official misconduct outlined in their complaint. Plaintiffs face real and certain harm, both individually and as a couple, should their identities and the intimacies of their marital relationship be made public. Defendants' motion to disclose their identities can only serve to exacerbate their damages and for the reasons that are outlined below, this matter is one in which the parties' substantial privacy interest outweighs the presumption of disclosure.

Plaintiff Jane Doe has already suffered severe psychological injury as a result of having witnessed the assault and abduction of her husband while being abandoned on the street in the middle of the night, and later sexually assaulted by a uniform police officer. (*See* Declaration of Carolyn Kubitschek ["Kubitschek Decl."], Exhibit A (Letter of Dorrine J. Veca, dated October 3, 2006)). As per the annexed letter of Jane Doe's therapist, Dorrine J. Veca, LCSW -R, plaintiff Jane Doe will "very likely . . . suffer a recurrence of [Posttraumatic Stress Disorder, or] PTSD along with depression" if her identity is made public. (Kubitschek Decl., Ex. 1, at 2). Setting aside the potential for continuing harm to plaintiff's marriage, this real and certain harm to Jane Doe as an individual, alone overcomes the presumption of disclosure. The injury to her mental health will be compounded if the intimate details of the sexual assault on her person are disseminated to the public.

Further, Defendants' defense in this case will not be impaired should plaintiffs be permitted to continue to prosecute this claim anonymously. The identities of both plaintiffs have already been voluntarily disclosed to Defendants in order that they may defend against this claims. Moreover, defendants City of New York and Kelly have *de minimis* reputational interest to protect in this case. They, like the uniformed police officers who are also named defendants, are public officers and have an expectation of public scrutiny by virtue of the offices they hold and the public trust under which they serve both institutionally and as public servants. In short, it is beyond dispute that they have an expectation of public scrutiny of their actions committed under color of law. Plaintiffs request that this Court deny defendants' motion and permit plaintiffs to proceed anonymously, or in the alternative, permit all parties to proceed unnamed.

## STATEMENT OF FACTS

Late at night on February 20, 2005, three plain-closed police officers confronted plaintiffs John and Jane Doe as they were returning home after a friend's birthday party. (Compl. ¶¶15-19). When plaintiff John Doe asked the police officers for identification, the officers assaulted him, while his wife Jane Doe pleaded for her husband's safety. (*Id.* ¶¶19-23). Defendants Del Rio, Kong and Bobbett then threw John Doe into a police car and drove him to the precinct house, leaving Jane Doe alone on the side of the street in the middle of the night. (*Id.* ¶¶23-26). Jane Doe walked to the police precinct where her husband was being beaten and detained. (*Id.* ¶¶27-38). There Jane Doe pleaded for her husband's release. (*Id.* ¶38). Defendants ignored and mocked her. (*Id.*). Seizing the moment, defendant police sergeant Brady drove sobbing Jane Doe to her apartment. (*Id.* ¶¶39-41). There, defendant Brady gained entry to plaintiffs' home. (*Id.* ¶42). Brady sexually assaulted Jane Doe. (*Id.* ¶¶43-47).

The events of February 20, 2005 "strongly and negatively impacted" Jane Doe. (*Id.* ¶¶49; Kubtischek Decl., Ex. 1). On March 1, 2005, psychotherapist Dorrine J. Veca, LCSW-R began treating plaintiff Jane Doe for Posttraumatic Stress Disorder ("PTSD") and depression. (Kubitschek Decl., Ex.1). She continued treating Jane Doe until August 3, 2006 (*Id.*) Jane Doe suffers "recurrent nightmares, irritability, decreased appetite, intrusive thoughts, fear of dying, sensitivity to loud noises and tendency to isolate herself . . . consistent with someone who has sustained a psychological trauma." (*Id.*) Dorrine J. Veca warns that "it appears very likely, given [Jane Doe's] high degree of fear and reactivity, that, should her case no longer remain anonymous, and therefore her identity be disclosed, she will suffer a recurrence of PTSD along with depression." (*Id.*)

On May 16, 2006, United States Judge Naomi R. Buchwald ordered that plaintiffs may prosecute this action anonymously. On May 17, 2006, plaintiffs filed this action under the pseudonyms John Doe and Jane Doe, alleging violations of their First, Fourth and Fourteenth Amendment rights under the United States Constitution, as well as claims for loss of consortium due to the tremendous damage that the traumatic events of February 20, 2005 have caused to plaintiffs' marriage. (Compl. ¶¶ 97-195).

## ARGUMENT

"While the Second Circuit has yet to address the issue, the cases make clear the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." EW v. New York Blood Center, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *see also*, Doe v. Shakur, 164 F.R.D. 359, 360-61 (S.D.N.Y. 1996). The Honorable Naomi R. Buchwald has already exercised that discretion by permitting the filing of the complaint anonymously and Defendants have failed to articulate any compelling reason to disturb that decision.

There is no absolute bar to proceeding anonymously. American Online, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 362, 542 S.E.2d 277, 384 (Va. 2001). Courts "have increasingly recognized an exception to [the presumption of disclosure] in limited 'matters of a sensitive and highly personal nature.'" Heather K. v. City of Mallard, Iowa, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995), (quoting Doe v. Deschamps, 64 F.R.D. 652, 653 (D.Mont. 1974)). "In exceptional cases, 'the need for party anonymity overwhelms the presumption of disclosure mandated by procedural custom.'" American Online, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 362, 542 S.E.2d 277, 384 (Va. 2001) (quoting Doe v. Stegall, 653 F.2d 180, 185

(5th Cir. 1981)).

In balancing these interests, courts have weighed numerous factors:

(1) whether the plaintiff is suing the government or a private person; (2) whether the plaintiff would be compelled to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would thereby be prejudiced. Some additional factors that courts have found persuasive deciding whether to allow plaintiffs to proceed pseudonymously include the "extent to which the identity of the litigant has been kept confidential" and "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing [the] litigants' identities."

Free Speech v. Reno, 1999 WL 47310 at *2 (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D.Pa. 1997)). No one factor is dispositive and this list of factors is not exhaustive. *See id.*

In this case, plaintiff Jane Doe will suffer real and certain harm if plaintiffs must disclose. This harm stems from the intimate and private nature of the injuries suffered by plaintiffs on February 20, 2005.

## A. Facts of this Case Involve Matters of the Utmost Intimacy

Here, a uniformed police officer, while on duty, sexually assaulted a married woman in her home after other police officers assaulted and arrested her husband. Including the substantial physical harms, plaintiffs suffered immense and recurrent fear, both in their own home and in the community, as well as nightmares, anxiety and depression. Further, plaintiffs' marriage suffered great strain. These matters are clearly of the utmost intimacy. Little is more intimate than the private comforts and intimacies of marriage and the private home. Little can disrupt those intimacies more than a sexual assault of a married person in her own home.

Justice Douglas described marriage as:

2

> a relationship lying within the zone of privacy created by several fundamental constitutional guarantees. . . . Would we allow the police to search the sacred precincts of marital bedrooms for telltale signs of the use of contraceptives? The very idea is repulsive to the notions of privacy surrounding the marriage relationship. We deal with a right of privacy older than the Bill of Rights–older than our political parties, older than our school system. Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred.

Griswold v. Connecticut, 381 U.S. 479, 485-86, 85 S. Ct. 1678, 1682 (1965) (citation omitted).

Revelation of the intimate matters of this case will be traumatic, and disclosure of plaintiffs' identities will cause real and certain injury. "[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." EW v. New York Blood Center, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

It is sad that the public craves these very intimate details. Here, the intimate facts of a case involving a sexual assault by a police sergeant are clearly newsworthy. Disclosure would mean that plaintiffs could become public curiosities. What is more, plaintiffs, as attorneys, would be subject to disclosure in trade newspapers and "Lexis" searches. Their private injuries would surround them in their public lives. As the court has noted, "The modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." EW v. New York Blood Center, 213 F.R.D. 108, 112-13 (E.D.N.Y. 2003). The facts of this case are clearly of the utmost intimacy, and could be disseminated widely if the court orders disclosure.

## B. Plaintiffs Will Suffer Real and Certain Injury If Identified

Plaintiffs fear more than mere embarrassment and annoyance from such disclosure. Plaintiffs face real and certain harm if their identities are made public. Psychotherapist Dorrine J. Veca, LCSW-R treated plaintiff Jane Doe for PTSD and depression from March 1, 2005 until August 3, 2006. (Kubitschek Decl., Ex. 1). Ms. Veca reports that Jane Doe suffers "recurrent nightmares, irritability, decreased appetite, intrusive thoughts, fear of dying, sensitivity to loud noises and tendency to isolate herself . . . consistent with someone who has sustained a psychological trauma." (*Id.* at 2). Ms. Veca warns, "A troubling and consistent aspect of PTSD is that it can be retriggered if the individual is re-exposed to the perceived threat. (One may call to mind a combat veteran reacting to sudden, loud outbursts of noise, as if in combat again.) In [Jane Doe's] case, it appears very likely, given her high degree of fear and reactivity, that, should her case no longer remain anonymous, and therefore her identity be disclosed, she will suffer a recurrence of PTSD along with depression." *(Id.)*

Revelation of plaintiffs' names, along with the facts of this case, will likely cause substantial injury to plaintiff Jane Doe's health. This real and certain harm weighs heavily against disclosure. See, e.g., Doe v. Smith, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (where plaintiff provided evidence that public knowledge of alleged sexual abuse and molestation by defendant would cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life, court found an exceptional circumstance warranting authorization to proceed anonymously); Doe v. Brisco, 61 Va. Cir. 96, 2003 WL 22748373 at *2 (Va. Cir. Ct. 2003) (where plaintiff did not particularize, through evidence, her concern regarding the personal nature of the alleged assault and embarrassment, and her identity was known to the community,

7

court found plaintiff should not proceed anonymously).

C.  **Plaintiffs' Identity Remains Confidential**

Plaintiffs' certain injury is underscored by the fact that, as of this filing, plaintiffs' identities remain confidential. Revelation of plaintiffs' identity would end that privacy. Unlike Shakur, in which the press, and therefore the public, already knew plaintiff's identity, here proceeding anonymously is more than a cosmetic gesture. Disclosure in this case would mean dissemination and actual harm. See Doe v. Shakur, 164 F.R.D. 359, 362 (S.D.N.Y. 1996).

Plaintiffs strongly refute defendants' assumption that plaintiffs wish to remain anonymous for economic reasons. While plaintiffs acknowledge that disclosure would cause embarrassment in their professional lives, this embarrassment is not the source of their concern. Plaintiffs fear real and certain harm to their health. That injury is the cause of plaintiffs' opposition to defendants' motion and their desire to remain anonymous.

D.  **Anonymity Does Not Prejudice Defendants' Case**

Defendants will suffer little or no prejudice if plaintiffs remain anonymous. "[C]ourts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner." EW v. New York Blood Center, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Where "defendant has not identified any prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed with a pseudonym," and where defendant "already knew plaintiff's name," no prejudice results from allowing anonymity. *Id.* Here, defendants know the identities of plaintiffs and anonymity will in no way impede defendants' discovery or their defense at trial. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1072 (9th Cir. 2000) (defendants

8

suffered no prejudice even where they did not know the identity of plaintiffs); Doe v. Smith, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (where defendant was already aware of plaintiff's identity, and where the court would not in any way limit defendant's right to full discovery and vigorous cross-examination, allowing plaintiff to proceed anonymously did not prejudice defendant).

E.    **Defendant Police Officers are State Actors with an Expectation of Public Scrutiny**

Defendants Del Rio, Kong, Bobbett and Brady are uniformed police officers, public officials who expect public scrutiny of their actions under color of law. Unlike two private citizens who's reputational interests are matched in a property or contract controversy, here a uniformed officer is accused of taking advantage of his public trust to force his way into a private home and sexually assault a private citizen. An officer must expect public scrutiny of his or her actions made in uniform. "[P]ublic figures as well as public officials will be subject to 'vehement, caustic, and sometimes unpleasantly sharp attacks.'" Hustler Magazine v. Falwell, 485 U.S. 46, 51, 108 S. Ct. 876, 880 (1988), quoting, New York Times, 376 U.S. at 270, 84 S. Ct. at 721. Police officers have consistently been found public officials. Buendorf v. National Public Radio, Inc., 822 F. Supp. 6, 10 (D.D.C. 1993); Orr v. Lynch, 60 A.D.2d 949, 950, 401 N.Y.S.2d 897, 899 (3d Dep't 1978), aff'd, 45 N.Y.2d 903, 411 N.Y.S.2d 10, 383 N.E.2d 562 (N.Y. 1978).

If uniformed police officers are expected to withstand false attacks made in good faith by the press without redress, then they should be expected to stand as state actors with less reputational interest in civil rights cases. "[G]overnment bodies do not share the concerns about 'reputation' that private persons have. . ." Free Speech v. Reno, 1999 WL 47310 at *2 (S.D.N.Y. Feb 1, 1999). "The public right to scrutinize government functioning [] is not so

9

completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) (citation omitted).

Further, even if defendant police officers are viewed as purely private citizens, New York law presumes to shield victims of rape and sexual assault for reasons identical to those argued earlier in this brief. In cases of sexual assault, New York law and federal evidence rules presume that private parties are not on equal footing:

> The reason for extending Rule 412 [of the Federal Rules of Evidence] to civil cases is . . . obvious. The need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage victims to come forward when they have been sexually molested do not disappear because the context has shifted from a criminal prosecution to a claim for damages or injunctive relief. There is a strong social policy in not only punishing those who engage in sexual misconduct, but in also providing relief to the victim. Thus, Rule 412 applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment.

Fed.R.Ev. Rule 412, Advisory Committee Notes, 1994 Amendments, Subdivision (a).

Moreover, the New York Legislature has protected the anonymity of sexual assault victims:

> The identity of any victim of a sex offense . . . shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

N.Y. Civ. Rights Law § 50-b.

Last, all questions of fairness in this case could be decided by ordering more privacy, not less. Plaintiffs consent to all parties in this case proceeding anonymously. This would eliminate defendants' reputational concerns while protecting plaintiffs from the real and certain injuries they fear.

## F. Good Public Policy Should Protect the Privacy of Plaintiffs

It is good public policy to allow plaintiffs to proceed anonymously when they can show real and certain harm from disclosure. The public grants uniformed police officers considerable power as officers of the law. This position affords police officers considerable access to interfere in the lives of private persons. This power remains when police officers commit wrongs against those persons. The Supreme Court has stated "power, once granted, does not disappear like a magic gift when it is wrongfully used. An agent acting – albeit unconstitutionally – in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own." Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392, 91 S. Ct. 1999, 2002 (1971). Remedying abuses of that position is critical to maintaining public faith in uniformed police, while securing safety and justice under the law. It is necessary that victims be comfortable to come forward to challenge injuries suffered at the hands of the police without fear of further harm.

# CONCLUSION

For the foregoing reasons, plaintiffs pray that the court deny defendants' motion and permit plaintiffs to proceed anonymously, or, in the alternative, allow all parties to proceed anonymously.

Dated: New York, NY
      October 5, 2006

*(signature)*
Carolyn A. Kubitschek (CK6415)
Lansner & Kubitschek
325 Broadway, Suite 201
New York, NY 10007
(212) 349-0900

Susan D. Walsh (SW9938)
Gould Reimer Walsh Goffin Cohn, LLP
61 Broadway, Suite 1601
New York, New York 10006
(212) 267-2600

*Attorneys for Plaintiffs*