Docket No. 06 Civ. 03761 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE AND JOHN DOE,

                                               Plaintiffs,

-against-

JAMIE DEL RIO, INDIVIDUALLY AND AS
OFFICER; VINCENT KONG, INDIVIDUALLY AND
AS OFFICER; STEVEN BOBBETT, INDIVIDUALLY
AND AS OFFICER; SCOTT BRADY,
INDIVIDUALLY AND AS SERGEANT; RAYMOND
KELLY, INDIVIDUALLY AND AS COMMISSIONER
OF THE NEW YORK CITY POLICE DEPARTMENT;
AND CITY OF NEW YORK,

                                               Defendants.

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. RULES 10(A) AND 17(A), REQUESTING THAT THIS COURT ORDER PLAINTIFFS TO REPLACE THE NAMES OF THE DOE PLAINTIFFS IN THE CAPTION WITH THE ACTUAL NAMES OF THE PLAINTIFFS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Commissioner Raymond Kelly, Jamie Del Rio,*
*Vincent Kong, and Steven Bobbett*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  DAVID M. HAZAN*
*Tel:  (212) 788-8084*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

**PLAINTIFF FAILED TO DEMONSTRATE THAT A
SUBSTANTIAL PRIVACY RIGHT OUTWEIGHS THE
CUSTOMARY AND CONSTITUTIONALLY EMBEDDED
PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS** ...................................... 3

       A.    CITY DEFENDANTS ARE SEVERELY PREJUDICED BY THE
            PLAINTIFFS' ANONYMITY………...……………………………………………..7

       B.    RAPE SHIELD LAWS DO NOT APPLY TO CIVIL LAWSUITS……...8

       C.    REVELATION OF PLAINTIFFS' NAMES WILL NOT CAUSE THEM
           HARM…………...…………………………………………………………………..9

**DEFENDANTS OBJECT TO PLAINTIFFS' ALTERNATIVE
REQUEST THAT THE NAMES OF ALL PARTIES BE SEALED**........................................ 9

**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

Doe v. Bell Atlantic Business Sys. Servs., Inc.,
    162 F.R.D. 418 (D. Mass. 1995)..................................................................................4, 8

Doe v. Bolton,
    410 U.S. 179 (1973)........................................................................................................6

Doe v. Deschamps,
    64 F.R.D. 652 (D. Mont. 1974) .....................................................................................3

Doe v. Frank,
    951 F.2d 320 (11th Cir. 1992) .......................................................................................3

Doe v. Hallock,
    119 F.R.D. 640 (S.D. Miss. 1987)..............................................................................4, 7

 Doe v. Rostker,
    89 F.R.D. 158, 162 (N.D. Cal. 1981).............................................................................3

Doe v. Shakur,
    164 F.R.D. 359 (S.D.N.Y. 1996) ....................................................................2, 3, 4, 5, 7

Doe v. Smith,
    189 F.R.D. 239 (E.D.N.Y. 1998)....................................................................................6

Doe v. Stegall,
    653 F.2d 180 (5th Cir. 1981) .........................................................................................3

Doe v. University of Rhode Island,
    Civ. A. No. 93-0560 B,
    1993 U.S. Dist. LEXIS 19257 (D.R.I. Dec. 28, 1993)...................................................4

E.W. v. New York Blood Center,
    213 F.R.D. 108 (E.D.N.Y. 2003)................................................................................5, 6

Guerilla Girls, Inc. v. Kaz,
    224 F.R.D. 571 (S.D.N.Y. 2004) ...................................................................................3

Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.,
    96 Civ. 1756 (LAP),
     1997 U.S. Dist. LEXIS 4517 (S.D.N.Y. April 7, 1997) ...............................................3

|  | **Page** |
|---|---|
| Roe v. Wade,<br>    410 U.S. 113 (1973) | 6 |
| Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,<br>    599 F.2d 707 | 7 |
| W.N.J. v. Yocom,<br>    257 F.3d 1171 (10th Cir. 2001) | 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JANE DOE AND JOHN DOE,

                                                Plaintiffs,        06 Civ. 03761 (GEL)

           -against-

JAMIE DEL RIO et al.,

                                                Defendants.

------------------------------------------------------------------------X

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. RULES 10(A) AND 17(A), REQUESTING THAT THIS COURT ORDER PLAINTIFFS TO REPLACE THE NAMES OF THE DOE PLAINTIFFS IN THE CAPTION WITH THE ACTUAL NAMES OF THE PLAINTIFFS.[1]**

**Preliminary Statement**

In their Memorandum of Law in Support of their Motion Requesting That The Court Order Plaintiffs To Replace The Names Of The Doe Plaintiffs With Their Actual Names, dated July 28, 2006, City Defendants argued that plaintiffs' must reveal their names to the public because (1) it is required by Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure; and (2) the balancing test used to determine whether plaintiffs are entitled to use pseudonyms weighs heavily in favor of defendants because (a) this lawsuit is being brought against Police Commissioner Raymond Kelly and other individual police officer defendants; (b) the public has an interest in knowing the facts of the incident at issue, including the names of the individuals making the allegations; (c) plaintiff John Doe has not alleged facts of "utmost intimacy"; (d) courts do not generally view claims of this nature as

---

[1] Defendants Jamie Del Rio, Vincent Kong, and Steven Bobbett join the City Defendant's motion, dated July 28, 2006.

claims that warrant anonymity for the plaintiffs; (e) there is no likelihood that plaintiffs would be subjected to physical injury if their names were associated with this case; (f) plaintiffs chose to participate in this litigation; and (g) the defendant officers will be prejudiced if plaintiffs are permitted to proceed under pseudonyms.

Plaintiffs opposed the City Defendants' motion without relying on any case law that supports plaintiffs' proposition that the plaintiffs' privacy interests in the instant case outweigh the presumption of disclosure. Plaintiffs argued that this Court should simply follow the Order of the Honorable Naomi Reice Buchwald, dated May 16, 2006.[2] In fact, because there is an abundance of case law which supports defendants' arguments for why plaintiffs should be ordered to disclose their identities when they are accusing individual civil defendants of sexual misconduct, plaintiffs' opposition is reduced to a small number of cases, none of which address the issues presented in the instant case. Therefore, defendants' motion requesting that this Court order plaintiffs to replace the names of the Doe Plaintiffs in the Complaint with the actual names of the plaintiffs should respectfully be granted.

---

[2] Plaintiffs' argument in their opposition papers that this Court should simply follow the Order of the Honorable Naomi Reice Buchwald, dated May 16, 2006 is misleading because plaintiffs fail to mention that defendants never had the opportunity to oppose plaintiffs' application to Judge Buchwald. Before filing their complaint, plaintiffs obtained an order *ex parte* from Judge Buchwald, sitting as a Part I Judge, which permitted plaintiffs to file their complaint using pseudonyms in place of their real names and which sealed their application. See Hazan Decl., Exhibit "C." None of the defendants had an opportunity to respond to plaintiffs' application. See Hazan Reply Decl. at ¶ 3. Additionally, to date, defendants have not seen the application that was made to Judge Buchwald, as it was sealed. See Id. It is plain from Judge Buchwald's order that when she wrote "the Order may be modified by the assigned judge," she intended to give defendants an opportunity to oppose plaintiffs' application to proceed under pseudonyms. See Hazan Decl. at Exhibit "C;" Doe v. Shakur, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). Moreover, it is unlikely that Judge Buchwald, sitting as a Part I judge on the basis of an *ex parte* application, intended to foreclose defendants from being heard on this issue. Id. Therefore, defendants respectfully request that their motion be considered in its entirety given that Judge Buchwald had not heard from defendants before granting plaintiffs' application and allowing them to proceed under pseudonyms.

<u>Argument</u>

## POINT I

<u>PLAINTIFFS FAILED TO DEMONSTRATE THAT A SUBSTANTIAL PRIVACY RIGHT OUTWEIGHS THE CUSTOMARY AND CONSTITUTIONALLY EMBEDDED PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS.</u>

It is well established that "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts are the identity of parties." <u>Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.</u>, 96 Civ. 1756 (LAP), 1997 U.S. Dist. LEXIS 4517, at *14 (S.D.N.Y. April 7, 1997) (citing <u>Doe v. Deschamps</u>, 64 F.R.D. 652, 653 (D. Mont. 1974); accord <u>Doe v. Rostker</u>, 89 F.R.D. 158, 162 (N.D. Cal. 1981). "The Federal Rules 'provide no exception that allows parties to proceed anonymously or under ficticious names...'" <u>Guerrilla Girls, Inc. v. Kaz</u>, 224 F.R.D. 571, 573 (S.D.N.Y. 2004), citing, <u>W.N.J. v. Yocom</u>, 257 F.3d 1171, 1172 (10th Cir. 2001). In "exceptional circumstances," usually in cases that deal with matters of the "utmost intimacy," Courts have permitted a party to proceed anonymously. <u>Id.</u> However, "[t]he ultimate test for permitting a plaintiff to proceed anonymously 'is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name." <u>Doe v. Shakur</u>, 164 F.R.D. 359, 361 (S.D.N.Y. Jan 22, 1996), citing, <u>Doe v. Frank</u>, 951 F.2d 320, 323 (11th Cir. 1992) (citing <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir. 1981).

In their opposition papers, plaintiffs did not argue that John Doe's claims involved allegations of "utmost intimacy." Rather, plaintiff John Doe alleges that defendants falsely arrested him, maliciously prosecuted him, and used excessive force against him. None of these allegations are intimate in nature. To the contrary, such allegations are typical of those brought against New York City Police Officers in Section 1983 actions.

Moreover, in their opposition papers, plaintiffs failed to acknowledge that, generally, when courts have been faced with a request by an alleged victim of sexual assault seeking to prosecute a civil case under a pseudonym, the courts have concluded that the plaintiff was not entitled to do so because the plaintiffs' privacy rights were outweighed by the customary and constitutional embedded presumption of openness in the judicial system. See Doe v. Bell Atlantic Business Sys. Servs., Inc., 162 F.R.D. 418, 422 (D. Mass. 1995) (in sexual harassment case against employer and supervisor, plaintiff who was concerned that she might have been infected with the HIV virus as result of an alleged sexual assault by her supervisor was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); Doe v. University of Rhode Island, Civ. A. No. 93-0560 B, 1993 U.S. Dist. LEXIS 19257, at *7 (D.R.I. Dec. 28, 1993) (student who was sexually assaulted allegedly as result of university's negligence not permitted to proceed under a pseudonym, despite claims of danger of personal embarrassment and ridicule). See also Doe v. Hallock, 119 F.R.D. 640, 641-642 (S.D. Miss. 1987) (in Title VII action, plaintiff who alleged sexual harassment and also asserted state law claims of assault and battery was not permitted to proceed under a pseudonym).

Furthermore, this Court, in Doe v. Shakur, held that the plaintiff was not entitled to proceed under a pseudonym despite the fact that the arguments made by the plaintiff in that case were more compelling than the arguments made by plaintiffs in the instant case. Doe v. Shakur, 164 F.R.D. 359 (S.D.N.Y. 1996). In Shakur, plaintiff brought a civil action seeking damages against defendants for "brutal[ly]" sexually assaulting her. Id. at 361. The Shakur defendants had already been convicted of sexually abusing plaintiff. Id. at 360. The plaintiff in Shakur argued that in addition to being "publicly humiliated and embarrassed," she would be subjected to death threats. Id. at 362. The Honorable Denny Chin held that "public humiliation and embarrassment" is not sufficient grounds for allowing plaintiff to proceed in a civil suit anonymously, and plaintiff did not provide evidence that her life would be threatened if her name was revealed. Id. Further, Judge Chin held that although plaintiff

did not want to be identified and she has very legitimate privacy concerns, those concerns were outweighed by the embedded presumption of openness in the judicial proceedings. Id.

Plaintiffs' claims in the instant case clearly involve less intimate allegations than the plaintiff in Shakur. In the instant case, plaintiff Jane Doe does not allege that she was "brutally" sexually assaulted, as the plaintiff in Shakur did. Plaintiff Jane Doe alleges that defendant Brady touched her in an inappropriate way. See Hazan Decl. at Exhibit "A" at ¶ 45. Additionally, none of the defendants in the instant case were prosecuted for crimes committed against plaintiffs, much less convicted of any offense. In fact, according to the Internal Affairs Investigation relating to Jane Doe's allegations in the instant case, the Assistant District Attorney felt that plaintiff Jane Doe was "less than credible because of the many variations [of the incident] she presented to ADA Warren," and opted not to pursue a prosecution against defendant Brady. See Hazan Reply Decl. at Exhibit "D."

Instead of relying on Shakur, plaintiffs heavily rely on a case wherein the Court based its decision to allow plaintiff to proceed under a pseudonym on facts which do not exist in the instant case. See E.W. v. New York Blood Center, 213 F.R.D. 108, 109 (E.D.N.Y. Feb . 19, 2003). In E.W. v. New York Blood Center, the defendants *moved to dismiss* the Complaint because it was filed under a pseudonym. 213 F.R.D. 108, 109 (E.D.N.Y. 2003). Had the Court dismissed the complaint in New York Blood Center, plaintiffs may have been time-barred from filing a new complaint. Id. at 110. The Court stated that one reason for denying defendants' motion was because defendants misled plaintiffs counsel to believe that defendants would not contest the filing of the complaint under pseudonyms and defendants then made their motion to dismiss because they believed a newly-filed complaint would be time-barred. Id. In the instant case, defendants are not moving to dismiss the complaint, thus this is not a factor. Second, the Court in New York Blood Center held that since the defendant New York Blood Center was a business organized solely to perform a public service and no individual defendants were named, there was no fear that falsely accused individuals' personal reputations would be injured.

Id. at 112. However, in the instant case, the defendant officers have all been sued in their individual capacities and their reputations may be greatly harmed by plaintiffs' allegations.

A.  **City Defendants Are Severely Prejudiced By The Plaintiffs' Anonymity.**

In their Opposition papers, plaintiffs assert that because the defendant police officers are state actors, they should expect public scrutiny and therefore, their reputational interests are marginalized. See Pl. Opp. at 9-10. This is simply not so. First, plaintiffs fail to address the fact that not only have plaintiffs sued the individual officer defendants in their official capacities, but they sued them in their individual capacities as well. See Hazan Decl. at Exhibit "A." Furthermore, plaintiffs attempts to compare a line of cases granting the media the First Amendment Right to make "'vehement, caustic, and sometimes unpleasantly sharp attacks'" against public officials with the instant case is misplaced. See Pl. Opp. at 9-10. The instant motion is not about whether the individual defendants should be permitted to sue a newspaper for libel or slander. Instead, this motion is about whether the plaintiffs should have to openly stand behind the allegations they made against the individual defendants.

Additionally, plaintiffs have not cited any cases wherein plaintiffs have been allowed to proceed anonymously against an individual defendant. Generally, plaintiffs are only permitted to proceed anonymously when plaintiff attacks an undisputed government policy or statute. See Roe v. Wade, 410 U.S. 113 (1973); Doe v. Bolton, 410 U.S. 179 (1973). This policy was created because in such circumstances the plaintiff presumably represents a minority interest, and there is arguably public interest in a vindication of his rights. "In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." E.W. v. New York Blood Services, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Further, in a class action context challenging governmental action, the individual defendants' personal characteristics (such as credibility) are generally not at issue. Id., citing, Doe v. Smith, 189 F.R.D. 239, 242 (E.D.N.Y. 1998).

In the instant case, the individual defendants' reputation and credibility are clearly at issue. They are accused in a civil forum of serious misconduct. Being publicly named in this lawsuit has affected defendants' reputations amongst their co-workers, supervisors and the citizens whom they attempt to protect on a daily basis. More importantly, it can affect their relationships with their wives, families, friends and relatives. For these reasons, plaintiffs' contention that the individual officers are merely state actors and are expected to withstand attacks on their reputations is disingenuous.

Moreover, the individual defendants are prejudiced by plaintiffs' pursuing this lawsuit anonymously. The individual defendants have been publicly accused. Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). "If plaintiffs are permitted to prosecute this case anonymously, [the individual defendants] would be placed at a serious disadvantage, for [they] would be required to defend themselves publicly while plaintiffs would be required to make their accusations from behind a cloak of anonymity." Id. "By filing their complaint, the plaintiff[s have] leveled serious charges against the defendants, and [have] specifically identified them in the complaint." Id., citing, Doe v. Hallock, 119 F.R.D. 640, 644 (S.D. Miss. 1987). Because "the mere filing of a civil action against… private parties may cause damage to their good names and reputation" basic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names." Id., citing, Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979).

**B.      Rape Shield Laws Do Not Apply to Civil Lawsuits.**

Plaintiffs' alternative argument that, "even if defendant police officers are viewed as purely private citizens, New York law [ ] shield[s] victims of rape and sexual assault," is misplaced. See Pl. Opp. at 10. There are several reasons why rape shield laws and policies used in criminal proceedings are not applicable to civil cases. "First, plaintiff ["Jane Doe"] chose to bring this lawsuit." Doe v. Shakur, 164 F.R.D. at 361 (S.D.N.Y. 1996). "She has made serious charges and put her credibility in issue." Id. Moreover, "[f]airness requires that she be prepared to stand behind her charges publicly." Id. "Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own

interests." Id. "This is not a criminal case where rape shield laws might provide some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws." Id., citing, Doe v. Bell Atlantic Business Sys. Servs., Inc., 162 F.R.D. 418, 422 (D. Mass. 1995) (rape shield laws "apply to situations where the government chooses to prosecute a case, and offer[ ] anonymity to a victim who does not have a choice in or control over the prosecution"). "Indeed, the public's interest in bringing defendants to justice for breaking the law---assuming that they did--- is being vindicated in criminal proceedings." Id.

Plaintiffs also improperly use Fed R. Evid. 412 as an example of how criminal rules should apply to civil proceedings. Plaintiffs neglect to recognize that Fed R. Evid. 412 applies to the relevance of alleged victim's past sexual behavior or alleged sexual predisposition, not the identity of the victim. City Defendants fail to see any connection between Fed R. Evid. 412 and the arguments in the instant case wherein defendants are moving to replace the names of Doe plaintiffs in the caption with their actual names. Similarly, plaintiffs cited N.Y. Civ. Rights Law § 50-b which requires that in a criminal case documents and the identity of a victim should be sealed. However, N.Y. Civ. Rights Law § 50-b does not apply to civil cases and, therefore, should not apply to the instant case.

C.   **Revelation of Plaintiffs' Names Will Not Cause Them Harm.**

In their opposition papers, plaintiffs' state that defendants have "missed the point" when they argue that the plaintiffs seek anonymity to protect their reputations as attorneys and their economic interests. See Pl. Opp. at ii. However, plaintiffs proceed to discuss how public disclosure of this lawsuit will affect the integrity of their marriage, "their mental and physical health, and their professional reputations." Id. Further, plaintiffs are fearful that disclosure of their names will make them "public curiosities," and as attorneys they would "be subject to disclosure in trade newspapers and 'LEXIS' searches. Their private injuries would surround them in their public lives." Id. at 7. Despite the fact that City Defendants were not privy to the content of plaintiffs' application to Judge Buchwald, based on these statements in plaintiffs' opposition papers, it does not appear that defendants

"missed the point." It appears from these statements that plaintiffs' primary concern is to protect their reputations as attorneys.

Plaintiffs also claim that plaintiff Jane Doe will suffer from a reoccurrence of Post Traumatic Stress Syndrome ("PTSD") and depression if she is forced to reveal her identity publicly. The City defendants submit that the letter submitted by plaintiffs, written by social worker, Dorrine J. Veca, is not persuasive. See Kubitchek Decl. at Exhibit "1." Initially, it is not clear that Ms. Veca's degrees, a Masters Degree in Public Health and a Master of Science Degree in Social Work, qualify her to diagnose plaintiff Jane Doe with PTSD. Moreover, Ms. Veca's statements are questionable. Ms. Veca states that PTSD can be retriggered if the individual is re-exposed to the perceived threat. Id. at 2. Then Ms. Veca opines that if plaintiff Jane Doe makes her name public she will suffer a recurrence of PTSD. Id. Ms. Veca never explains how revealing plaintiff Jane Doe's identity will "re-expose" plaintiff to the perceived threat. Id.

Finally, allowing plaintiffs to proceed with this lawsuit anonymously would set bad precedent, as it would allow any plaintiff claiming severe emotional damage in any lawsuit to claim that they will be psychologically damaged if their identities are revealed.

## POINT II

### DEFENDANTS OBJECT TO PLAINTIFFS' ALTERNATIVE REQUEST THAT THE NAMES OF ALL PARTIES BE SEALED.

Plaintiffs argue, in the alternative, that instead of making the names of plaintiffs public the Court should seal the names of all parties. Defendants object to this request because the accusations against the individual defendants have already been made publicly. In fact, plaintiffs filed their complaint on or about May 17, 2006. Hence, the defendant officers' names and the allegations made against them have been available to the public for five months. Plaintiffs made absolutely no attempt to conceal the police officers' identities when they made their *ex parte* application to the Court requesting that plaintiffs' names be sealed. Instead, the plaintiffs named defendant Jamie Del Rio as

the first defendant listed in the caption, instead of the City of New York. This decision has caused defendant Del Rio's name to be publicly displayed every time this case is cited.

## CONCLUSION

For all of the reasons set forth herein, the City Defendants respectfully request that their motion be granted, together with such other and further relief as this Court may deem just and proper.

Dated:     New York, New York
           October 17, 2006

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants City of New York,
                Commissioner Raymond Kelly, Jamie Del Rio, Vincent
                Kong, and Steven Bobbett
                100 Church Street, Room 3-186
                New York, New York 10007
                (212) 788-8084

By: _/s/ David M. Hazan_____
    David M. Hazan (DH-8611)
    Assistant Corporation Counsel

To:    VIA HAND DELIVERY
       Honorable Gerard E. Lynch
       United States District Judge, SDNY
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, N.Y. 10007-1312

       VIA FIRST CLASS MAIL
       Carolyn A. Kubitschek, Esq.
       Lansner & Kubitschek
       Attorneys for Plaintiff
       325 Broadway
       Suite 201
       New York, N.Y. 10007

       VIA FIRST CLASS MAIL
       Susan J. Walsh
       Gould Reimer Walsh Goffin Cohn LLP
       61 Broadway
       Suite 1601
       New York, N.Y. 10006

<u>VIA FIRST CLASS MAIL</u>
Bruno Gioffre, Esq.
Quinn, Ferrante & Mellea
399 Knollwood Road
Suite 220
White Plains, New York 10603

11