UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE and JOHN DOE,

Plaintiffs,

-against-

JAMIE DEL RIO, individually and as officer; VINCENT KONG, individually and as officer; STEVEN BOBBETT, individually and as officer; SCOTT BRADY, individually and as sergeant; RAYMOND KELLY, individually and as Commissioner of the New York City Police Department; and CITY OF NEW YORK,

Defendants.

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT SCOTT BRADY'S CROSS CLAIMS, ALL CLAIMS BROUGHT BY JANE DOE AGAINST CITY DEFENDANTS, AND SOME CLAIMS BROUGHT BY JOHN DOE AGAINST CITY DEFENDANTS

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Commissioner Raymond Kelly, Kong, Del Rio,*
*and Bobbett*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: DAVID M. HAZAN*
*Tel: (212) 788-8084*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................iv

PRELIMINARY STATEMENT..........................................................1

STATEMENT OF FACTS.................................................................3

RULE 12(C) STANDARD FOR DISMISSAL.......................................4

ARGUMENT

POINT I

**DEFENDANT SCOTT BRADY'S CROSS CLAIMS AGAINST DEFENDANT CITY OF NEW YORK FOR VIOLATING GENERAL MUNICIPAL LAW SECTION 50-K SHOULD BE DISMISSED..........................................................................6**

    A.   Defendant Brady's Claims That The City is Liable For Any Costs and Expenses Resulting From This Lawsuit Because of The City's Alleged Decision Not to Indemnify Brady Is Not Ripe For Adjudication. ......................................6

POINT II

**DEFENDANT SCOTT BRADY AND PLAINTIFFS ARE NOT ABLE TO RECOVER FROM DEFENDANT CITY UNDER A THEORY OF *RESPONDEAT SUPERIOR* FOR THE CLAIMS RELATING TO THE ALLEGED SEXUAL ASSAULT AND BATTERY BY DEFENDANT BRADY...................................................................9**

    A.   Neither Defendant Brady, Nor Plaintiffs Are Able To Recover From Defendant City Under A Theory Of *Respondeat Superior* For Their Claims Relating To The Alleged Sexual Assault And Battery Of Plaintiff Jane Doe By Defendant Brady..........................................9

POINT III

**PLAINTIFFS' THIRTEENTH CAUSE OF ACTION SHOULD BE DISMISSED, WITH PREJUDICE, BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED....................................................................................11**

POINT IV

**PLAINTIFFS CANNOT ESTABLISH ACLAIMS FOR NEGLIGENT HIRING, RETENTION, AND TRAINING.....................................................................12**

A.    Plaintiff Jane Doe Cannot Establish Claims For Negligent Hiring, Retention, and Training of defendant Scott Brady..................................................................13

B.    Plaintiff John Doe Cannot Establish Claims For Negligent Hiring, Retention, and Training of Defendants Del Rio, Kong, and Bobbett. ..................................................14

POINT V

**PLAINTIFF JANE DOE CANNOT MAINTAIN HER CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.....................................................................................15**

POINT VI

**PLAINTIFFS STATE LAW CLAIMS FOR DEPRIVATION OF LOVE, COMPANIONSHIP, SUPPORT, AND CONSORTIUM ARE STATUTORILY TIME BARRED AND SHOULD BE DISMISSED, AS SHOULD PLAINTIFFS' SIXTH CAUSE OF ACTION.....................................................................................17**

A.    Plaintiff John Doe Did not Allege That He Was Deprived Of Plaintiff Jane Doe's Loss of Love, Companionship, Support, and Consortium In His Notice of Claim...........................................................18

B.    Plaintiff Jane Doe Did Not Allege That She Was Deprived Of Plaintiff John Doe's Loss of Love, Companionship, Support, and Consortium in Her Notice of Claim...........................................................20

C.    Plaintiff Jane Doe Does Not Allege That She Was Damaged Because Police Officers Refused To Tell Her Where Her Husband Was Being Taken, Refused To Transport Her To Safety And Refused To Allow Her To Retrieve The Metro-Card Which Her Husband Was Holding. ..........................................21

POINT VII

**PLAINTIFFS CANNOT MAINTAIN A CAUSE OF ACTION FOR NEGLIGENCE.....................................................................................22**

POINT VIII

**PLAINTIFF JANE DOE FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983
AGAINST DEFENDANTS CITY OF NEW YORK AND COMMISSIONER RAYMOND
KELLY**................................................................................................**23**

CONCLUSION...................................................................................25

# TABLE OF AUTHORITIES

**Cases**      **Pages**

Adorno v. Correctional Services Corp.,
    312 F. Supp. 2d 505 (S.D.N.Y. 2004)..................................................................10

Baez v. New York City Health and Hospitals Corp.,
    80 N.Y.2d 571 (1992) .........................................................................................18

Banks v. Yokemick,
    144 F. Supp. 2d 272 (S.D.N.Y. 2002)..............................................................7, 8

Bender v. City of New York,
    78 F.3d 787 (2d Cir. 1996).................................................................................16

Brass v. American Film Technologies, Inc.,
    987 F.2d 142 (2d Cir. 1993).................................................................................5

Brown v. Metro Transport Auth.,
    717 F. Supp. 257 (S.D.N.Y. 1989) ..........................................................18, 19, 21

Caspar v. Lew Lieberbaum & Co. Inc.,
    1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998) ......................................4

C.C. v. Ithaca City School Dist.,
    N.Y.S.2d 197 (3rd Dep't 2003)...........................................................................10

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).................................................................................5

City of Canton v. Harris,
    489 U.S. 378 (1989)......................................................................................10-11

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1985).............................................................................................24

Colodney v. Continuum Health Partners, Inc.,
    2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. Apr. 15, 2004)....................................14

Conley v. Gibson,
    355 U.S. 41 (1957)...............................................................................................5

Conopco, Inc. v. Roll International,
    231 F.3d 82 (2d Cir. 2000)...................................................................................5

Davidson v. Bronx Mun. Hosp.,
    484 N.Y.S.2d 533 (1984).........................................................................18, 19, 21

| Cases | Pages |
|---|---|

Davidson v. Flynn,
  32 F.3d 27 (2d Cir. 1994)............................................................................4

Dia CC v. Ithaca City Sch. Dist.,
  758 N.Y.S.2d 197 (3rd Dep't 2003) ...........................................................11

EEOC v. Die Fliedermaus, L.L.C.,
  77 F. Supp. 2d 460 (S.D.N.Y. 1999).........................................................16

Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc.,
  129 F.3d 240 (2d. Cir. 1997).......................................................................5

Fernandez v. DeLeno,
  71 F. Supp. 2d 224 (S.D.N.Y. 1999).........................................................11

Fincher v. County of Westchester,
  979 F. Supp. 989 (S.D.N.Y. 1997) ............................................................17

Gant v. Wallingford Bd. of Education, et al.,
  69 F.3d 669 (2d Cir. 1995).........................................................................5

Grandon v. Merrill Lynch & Co.,
  147 F.3d 184 (2d Cir. 1998).......................................................................4

Harris v. Rivera,
  921 F. Supp. 1058 (S.D.N.Y. 1995)...........................................................8

Hazan v. City of New York,
  98 Civ. 1716 (LAP),
  1999 U.S. Dist. LEXIS 10499 (S.D.N.Y. July 9, 1999) ..............18, 19, 21

Howell v. New York Post Co.,
  81 N.Y.2d 115 (N.Y. 1993) .......................................................................16

International Audiotext Network, Inc. v. AT&T Co.,
  62 F.3d 69 (2d Cir. 1995)...........................................................................5

Jewell v. City of New York,
  94 Civ. 5454 (DLC),
  1995 U.S. Dist. LEXIS 2282 (S.D.N.Y. Feb. 28, 1995)..............18, 19, 21

Johnson v. P.O. #17969,
  2000 U.S. Dist. LEXIS 18521 (S.D.N.Y.  Dec. 26, 2000) ..........................5

Kenneth R. v. Roman Catholic Diocese of Brooklyn,
  654 N.Y.S.2d 791 (2d Dep't 1997)............................................................13

**Cases**                                                                 **Pages**

Koehler v. New York City,
    04 Civ. 6929,
    2005 U.S. Dist. LEXIS 8901 (S.D.N.Y. May 11, 2005)............................4

Koren v. Weihs,
    593 N.Y.S.2d 222 (1st Dep't 1993) .......................................................11

Kramer v. City of New York,
    2004 U.S. Dist. LEXIS 21914 (S.D.N.Y. Nov. 1, 2004) ......................14

LaLonde v. Bruce,
    166 F. Supp. 2d 713 (N.D.N.Y. 2001)..................................................22

Madonna v. United States,
    878 F.2d 62 (2d Cir. 1989).....................................................................4

Mahmood v. City of New York,
    01 Civ. 5899 (SAS),
    2003 U.S. Dist. LEXIS 7745 (S.D.N.Y. May 8, 2003)........................10

Massey v. Starbucks Corp.,
    03 Civ. 7279 (SAS)
    2004 U.S. Dist. LEXIS 12993 (S.D.N.Y. July 12, 2004) ....................10

Mazurkiewicz v. New York City Transit Auth.,
    810 F.Supp. 563 (S.D.N.Y. 1993) .......................................................22

Mazzferro v. Albany Motel Enterprises, Inc.,
    127 A.D.2d 374 (3d Dep't 1987)..........................................................22

McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.,
    682 N.Y.S.2d 167 (1st Dept. 1998 .......................................................16

Mercurio v. City of New York,
    758 F.2d 862 (2d Cir. 1985) ..................................................................8

Monell v. Department of Social Services,
    436 U.S. 658 (1978)..............................................................2,9, 23-25

Moore v. The City of New York,
    219 F. Supp. 2d 335 (E.D.N.Y. 2002) .................................................16

Murphy v. American Home Products Corp.,
    58 N.Y.2d 293 (1983).....................................................................15, 17

| **Cases** | **Pages** |
|---|---|

N.X. v. Cabrini Med. Ctr.,
    97 N.Y.2d 247 (2002) ............................................................................10

Oliver v. Cuttler,
    968 F. Supp. 83 (E.D.N.Y. 1997) .......................................................22

Oklahoma v. Tuttle,
    471 U.S. 808 (1985)............................................................................23

Parratt v. Taylor,
    451 U.S. 527 (1984)............................................................................23

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986)............................................................................24

Phillips v. Village of Frankfort,
    220 N.Y.S.2d 171 (Sup. Ct. 1961)......................................................18

Polak v. City of Schenectady,
    585 N.Y.S.2d 844 (App. Div. 1992) .....................................................7

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997).................................................................9

Ross v. Bilow,
    No. 98 Civ. 2234,
    1998 U.S. App. LEXIS 30928 (2d Cir. 1998) ....................................12

Ross v. Mitsui Fudosan, Inc.,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ...................................................10

Russell v. Meat Farms, Inc.,
    160 A.D.2d 987, (2d Dep't 1990) ......................................................15

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)...................................................................5

Shakur v. McGrath,
    517 F.2d 983 (2d Cir. 1975)...............................................................18

Sheridan v. Dubow,
    1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. August 30, 1993) ..................6

Sorlucco v. New York City Police Department,
    971 F.2d 864 (2d Cir. 1992)...............................................................24

**Cases**                                                                                                    **Pages**

Staron v. McDonald's Corp.,
    51 F.3d 353 (2d Cir. 1995)..................................................................................4

Stavitz v. City of New York,
    471 N.Y.S. 2d 272 (1st Dep't 1984) ..........................................................10

Sylvester v. City of New York,
    385 F. Supp.2d 431 (S.D.N.Y. 2005)..........................................................16

Tomka v. Seiler Corp.,
    66 F.3d 1295 (2d Cir. 1995)........................................................................11

Universal Calvary Church v. City of New York,
    96 Civ. 4606,
    2000 U.S. Dist. LEXIS 17037 (S.D.N.Y. Nov. 28, 2000).........................22

Vasquez v. City of New York,
    2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000)...............................5

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985)..........................................................................23

Wahlstrom v. Metro-North Commuter R.R.,
    96 Civ. 3589 (PKL),
    1998 U.S. Dist. LEXIS 5666 (S.D.N.Y. Apr. 23, 1998)..........................9, 11

Williams v. City of New York,
    64 N.Y.2d 800 (1985) ..............................................................................7, 8

Wilson v. Diocese of New York of the Episcopal Church,
    96 Civ. 2400 (JGK),
    1998 U.S. Dist. LEXIS 2051 (Feb. 23, 1998 .......................................10-11, 13

**Statutes**

28 U.S.C. § 1331...............................................................................................1

28 U.S.C. § 1367(a) ..........................................................................................1

42 U.S.C. § 1983......................................................................................1, 23-25

Fed. R. Civ. P. 12(b) .........................................................................................6

Fed. R. Civ. P. 12(c) .......................................................................................2, 4

N.Y. General Municipal Law § 50-e ...............................................................17

| **Cases** | **Pages** |
| --- | --- |
| N.Y. General Municipal Law § 50-k | 6-9 |
| N.Y. Penal Law § 35.30 | 23 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JANE DOE and JOHN DOE,

                                 Plaintiffs,

          -against-                          06 Civ. 3761 (GEL)

JAMIE DEL RIO, INDIVIDUALLY AND AS OFFICER;
VINCENT KONG, INDIVIDUALLY AND AS OFFICER;
STEVEN BOBBETT, INDIVIDUALLY AND AS
OFFICER; SCOTT BRADY, INDIVIDUALLY AND AS
SERGEANT; RAYMOND KELLY, INDIVIDUALLY
AND AS COMMISSIONER OF THE NEW YORK CITY
POLICE DEPARTMENT; AND CITY OF NEW YORK,

                                 Defendants.
-------------------------------------------------------------------------X

**CITY DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS
DEFENDANT SCOTT BRADY'S CROSS CLAIMS,
ALL CLAIMS BROUGHT BY JANE DOE AGAINST
CITY DEFENDANTS, AND SOME CLAIMS
BROUGHT BY JOHN DOE AGAINST CITY
DEFENDANTS.**

## Preliminary Statement

    Plaintiffs Jane Doe and John Doe bring this action pursuant to 42 U.S.C §1983 and 28 U.S.C. §

1331 alleging that defendants violated their civil rights under federal law.  Additionally, plaintiffs bring

pendant state law claims pursuant to 28 U.S.C. § 1367 (a).  Plaintiffs allege that on February 20, 2005

defendants seized plaintiffs and used excessive force to arrest and incarcerate plaintiff John Doe without

probable cause.  Additionally, plaintiffs allege that defendant Scott Brady lied and deceived plaintiff Jane

Doe and sexually assaulted her that evening in her home.  Plaintiffs also assert various state law claims,

including assault and battery, negligence, negligent hiring, retention and training, and intentional

infliction of emotional distress.

Defendants respectfully submit this memorandum of law in support of their motion to dismiss defendant Scott Brady's cross-claims against defendant City of New York, the claims brought by plaintiff Jane Doe, and some of the claims brought by plaintiff John Doe pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court should dismiss the following causes of action for the reasons stated below:

- Defendant Brady cannot maintain a cross-claim against defendant City of New York for allegedly violating New York General Municipal Law § 50-k. (First and Second Cross Claims).

- Neither defendant Brady nor plaintiffs can maintain claims under the theory of *respondeat superior* for the claims relating to the alleged sexual assault and battery of plaintiff Jane Doe by defendant Brady. (Third Cross Claim and Eighth, Fourteenth, Sixteenth, and Seventeenth Causes of Action).

- Plaintiffs fail to state a cause of action for the alleged failure to investigate the claimed misconduct by defendant Brady. (Thirteenth cause of Action).

- Plaintiffs cannot maintain a claim for negligent hiring, training or retention. (Fifteenth, Sixteenth, and Eighteenth Causes of Action).

- Plaintiffs cannot maintain a claim for intentional infliction of emotional distress. (Sixth Cause of Action).

- Plaintiffs cannot maintain claims for loss of consortium. (Found throughout Complaint).

- Plaintiffs cannot maintain a claim for negligence. (Seventeenth Cause of Action).

- Plaintiff Jane Doe cannot demonstrate a practice or policy giving rise to the alleged constitutional violations, and thus her claims brought pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) must be dismissed. (Twentieth Cause of Action).

# STATEMENT OF FACTS

The claims brought by plaintiff John Doe arise out of his arrest on or about February 20, 2005, at approximately 2:50 a.m. at 284 Mott Street, New York, New York. See Hazan Decl. Ex. "A" and Ex. "H." Plaintiff was allegedly arrested by defendants Del Rio, Kong, Bobbett, and Brady for public lewdness (PL 245.00), intentional assault (PL 120.00(1)), reckless assault (PL 120.00(2)), resisting arrest (PL 205.30), and harassment (PL 240.26). See Hazan Decl. Ex. "A," ¶ 51.

As background, plaintiffs John Doe and Jane Doe were allegedly leaving a friend's birthday party and going to the subway, when defendant officers Del Rio, Bobbett, and Kong who were in plain clothes jumped out of their car and allegedly demanded that plaintiff John Doe show them identification. Id. at ¶¶ 15-16. Plaintiffs claim that when they asked the defendant officers for identification, the officers grabbed plaintiff John Doe and slammed him face first against a concrete wall, and flung him on the ground where he was eventually handcuffed. Id. at ¶¶ 19-20. Plaintiff John Doe was then transported in a police vehicle to the Fifth Precinct. Id. at ¶¶ 20-34. Plaintiff John Doe alleges that excessive force was used against him in the course of his arrest, transport to the 5th Precinct and incarceration. Id.

Plaintiff Jane Doe alleges that defendants Del Rio, Kong, Bobbett, and Brady refused to tell her where they were taking her husband and refused to transport her to safety or allow her to have credit cards which her husband was holding. Id. at ¶ 25. Plaintiff Jane Doe's apartment, located at 225 Rector Place, New York, New York was located approximately 2.2 miles from the location of plaintiff John Doe's arrest. See Hazan Decl. Ex. "K." After defendants left the scene of plaintiff John Doe's arrest, plaintiff Jane Doe located the 5th Precinct by foot, inquired about her husband's whereabouts, well-being, and pleaded for his release. See Hazan Decl. Ex. "A, ¶38. The 5th Precinct, located at 19 Elizabeth Street, New York, New York is located less than a mile away from where plaintiff John Doe was arrested. See Hazan Decl. Ex. "L." Defendant Brady allegedly offered to drive plaintiff Jane Doe home to her

apartment. <u>See</u> Hazan Decl. Ex. "A," ¶ 40. Plaintiff Jane Doe alleges that defendant Brady sexually assaulted her at her apartment. <u>Id.</u> at ¶¶ 45-47.

Prior to this alleged incident the New York City Police Department ("NYPD") received no complaints about defendant Brady relating to any sort of sexual misconduct. <u>See</u> Hazan Decl. Ex. "J." Defendant Brady was disciplined as a result of this alleged incident. <u>See</u> Hazan Decl. Ex. "I." at NYC 198. The Department Advocate's Office recommended that he get a thirty-day penalty. <u>Id.</u> Instead, Police Commissioner Kelly directed a thirty-day penalty, one-year dismissal probation, and an administrative transfer to PSA 2. <u>Id.</u> On February 10, 2006, defendant Brady was transferred to PSA 2. On February 15, 2006, defendant Brady commenced a leave pre-separation from the NYPD. <u>Id.</u> Defendant Brady subsequently applied for vested retirement. <u>Id.</u>

## RULE 12(c) STANDARD FOR DISMISSAL

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The test for evaluating a Fed. R. Civ. P. 12(c) motion is the same test applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). <u>Koehler v. New York City</u>, 04 Civ. 6929 (RMB), 2005 U.S. Dist. LEXIS 8901 (D.N.Y. May 11, 2005). The Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. <u>Grandon v. Merrill Lynch & Co.</u>, 147 F.3d 184, 188 (2d Cir. 1998); <u>Davidson v. Flynn</u>, 32 F.3d 27, 29 (2d Cir. 1994) (citing <u>Madonna v. United States</u>, 878 F.2d 62, 65 (2d Cir. 1989)); <u>Caspar v. Lew Lieberman & Co. Inc.</u>, 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998).

Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." <u>Caspar</u>, 1998 U.S. Dist. LEXIS, *1, <u>supra</u>. A court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." <u>Staron v. McDonald's Corp.</u>, 51 F.3d 353, 355 (2d Cir. 1995)

(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The rule "does not permit conclusory statements to substitute for minimally factual allegations." Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir. 1997); see also Gant v. Wallingford Bd. of Education, et al., 69 F.3d 669, 673 (2d Cir. 1995) ("a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find violation . . . fails to state a claim"). Furthermore, a motion under Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F. 3d 82, 86-87 (2d Cir. 2000).

In deciding such a motion, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam). For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d 69, 72). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers, 282 F.3d at 153 (internal citations omitted). In addition, "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U. S. Dist LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000) (citations omitted); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Johnson v. P.O. #17969, 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521, at *4 (S.D.N.Y. Dec. 29, 2000) (Court may consider any matter of which it could take judicial notice under the F.R.E. 201).

Moreover, on a 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court," the court may sua sponte convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b); see also Sheridan v. Dubow, 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, at *2 (S.D.N.Y. August 30, 1993) (wherein court converted a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).

## ARGUMENT

### POINT I

### DEFENDANT SCOTT BRADY'S CROSS CLAIMS AGAINST DEFENDANT CITY OF NEW YORK FOR VIOLATING GENERAL MUNICIPAL LAW SECTION 50-K SHOULD BE DISMISSED.

**(First and Second Cross Claims in Scott Brady's Answer With Cross Claims)**

Defendant Scott Brady alleges that the City of New York is liable pursuant to New York General Municipal Law Section 50-k for (1) all liability assumed by defendant Brady as a result of this lawsuit; and (2) the expense of his legal defense in this lawsuit. See Hazan Decl. Ex. F, ¶¶ 84-88. Read liberally, defendant Brady claims that the City is liable for its alleged decision not to indemnify him. Id.

**A.** **Defendant Brady's Claims That The City is Liable For Any Costs and Expenses Resulting From This Lawsuit Because of The City's Alleged Decision Not to Indemnify Brady Is Not Ripe For Adjudication.**

However, the decision to indemnify is within the discretion of the Corporation Counsel, is separate and distinct from the decision to represent a defendant officer, and must be made at the time of the entry of a settlement or judgment. Thus, any claim defendant Brady may have against the City for indemnification should be dismissed as not ripe for adjudication. See Hazan Ex. F, ¶¶ 84-88.

In general terms, the duty to indemnify an individual governmental defendant is established pursuant to the New York General Municipal Law. Under the General Municipal Law, the determination

6

regarding indemnification rests within the purview of the office of the Corporation Counsel of the City of New York, and a decision regarding indemnification need not be made, and is, in fact, premature, prior to a verdict. Section 50-k of the New York General Municipal Law ("§ 50-k") does not establish an absolute right to indemnification for a city employee. Section 50-k provides in relevant part:

> The city [of New York] shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee *was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.*

N.Y. General Municipal Law § 50-k(3) (McKinney 1999) (emphasis added).

Importantly, Section 50-k (3) provides, in relevant part, that "the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. Law § 50-k(3). The City is not obligated to indemnify a city employee if the Corporation Counsel determines (1) that the officer was not acting in the scope of his employment, or (2) that the officer was clearly violating the rules and regulations of the agency. N.Y. Gen. Mun. Law § 50-k; see also Polak v. City of Schenectady, 585 N.Y.S.2d 844 (App. Div. 1992) (upholding Corporation Counsel's determination to deny indemnification on the basis that petitioner was not acting in the scope of his employment since petitioner violated internal rules and regulations). Indeed, it is well established that the Corporation Counsel has the discretion to determine if an employee will be indemnified under § 50-k. Banks v. Yokemick, 144 F. Supp. 2d 272 (S.D.N.Y 2002)(citing Williams v. City of New York, 64 N.Y.2d 800, 476 N.E.2d 317, 486 N.Y.S.2d 918

(1985)); <u>Harris v. Rivera</u>, 921 F. Supp. 1058, 1060 (S.D.N.Y. 1995) (citations omitted); <u>Mercurio v. City of New York</u>, 758 F. 2d 862, 865 (2d Cir. 1985) (reasoning that withdrawal of representation was within the discretion of Corporation Counsel). Further, the Corporation Counsel's determination may only be set aside if it is arbitrary and capricious because no factual basis exists for the determination. <u>Banks</u>, 144 F. Supp. 2d at 282; <u>Williams</u>, 486 N.Y.S.2d 918.

As a practical matter, as a result of General Municipal Law Section 50 and subsequent case law, the Corporation Counsel is statutorily required to make two distinct decisions regarding an individual defendant at two separate stages in the litigation. First, an initial decision is made regarding whether the individual defendant is entitled to legal representation from this office. <u>Mercurio</u>, 758 F.2d at 864-65 (quoting <u>Williams</u>, 486 N.Y.S.2d 918 (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). This initial determination has no bearing on a subsequent decision regarding indemnification. <u>Banks</u>, 144 F. Supp. 2d at 283 ("Accordingly, [General Municipal Law § 50(k)] appears to contemplate…that the Corporation Counsel undertakes representation based on a finding that the employee's conduct satisfied the scope of employment standard, **but the City then withholds indemnification if a judgment determining the facts regarding the employee's acts or omissions declares otherwise.**")(emphasis added).

Here, the Corporation Counsel determined that it would not represent defendant Brady in this action. Under the relevant caselaw, the City is under no obligation to make a decision regarding indemnification at this stage in the litigation. Therefore, defendant Brady's first and second cross-claims against the City of New York should be dismissed as they are not ripe for adjudication.

## POINT II

**DEFENDANT SCOTT BRADY AND PLAINTIFFS ARE NOT ABLE TO RECOVER FROM DEFENDANT CITY UNDER A THEORY OF *RESPONDEAT SUPERIOR* FOR THE CLAIMS RELATING TO THE ALLEGED SEXUAL ASSAULT AND BATTERY BY DEFENDANT BRADY.**

**(Third Cross Claim in Scott Brady's Answer With Cross Claims and Eighth, Fourteenth, Sixteenth, and Seventeenth Causes of Action in Plaintiffs' Complaint)**

Defendant Brady alleges that the City of New York is liable for any damages resulting from defendant Brady's actions in the instant case pursuant to the principle of *respondeat superior*. See Hazan Ex. F, ¶¶ 90-93. However, defendant Brady's Cross Claim should be dismissed, with prejudice, because he was clearly not acting within the scope of his employment when he allegedly assaulted plaintiff Jane Doe. Similarly, to the extent plaintiffs' claim that the City is liable through the principle of *respondeat superior*, for the claims relating to the alleged sexual assault and battery of plaintiff Jane Doe, plaintiffs' claims of *respondeat superior* should be dismissed, with prejudice, for the same reason. See Hazan Ex. A, ¶¶ 127-131, 157-160, 167-172, 173-178.

**A.     Neither Defendant Brady, Nor Plaintiffs Are Able To Recover From Defendant City Under A Theory Of *Respondeat Superior* For Their Claims Relating To The Alleged Sexual Assault And Battery Of Plaintiff Jane Doe By Defendant Brady.**

To the extent that plaintiffs and defendant Brady claim that they would be entitled to recover from defendant City for all claims relating to the allegations of sexual assault and battery against defendant Brady, on the basis of *respondeat superior* because they brought similar claims under New York State law, invoking the Court's supplemental jurisdiction, claims should be dismissed.[1]   Plaintiffs and defendant Brady are incorrect in their belief that they can recover under this legal theory.

---

[1] Obviously, plaintiffs would not be entitled to such recovery from defendant City on their federal claims. Under § 1983, a municipality may not be held liable solely on the basis of *respondeat superior*. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978); <u>Ricciuti v. N.Y.C. Transit Authority</u>, 941

*Respondeat superior* liability requires an individual to have acted within the scope of his employment. Massey v. Starbucks Corp., 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993 (S.D.N.Y. Jul. 12, 2004). "Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment." N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 251, 739 N.Y.S.2d 348 (2002). Courts have held that "an employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business. Thus, where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job-related, his actions cannot be said to fall within the scope of his employment." Mahmood v. City of New York, 01 Civ. 5899 (SAS), 2003 U.S. Dist. LEXIS 7745, at *8 (S.D.N.Y. May 8, 2003) (citing Stavitz v. City of New York, 98 A.D.2d 529, 471 N.Y.S.2d 272, 274 (1st Dep't 1984)).

In fact, "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." Adorno v. Correctional Services Corp., 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (citing Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998). Thus, New York courts "have repeatedly found no vicarious liability for claims involving sexual misconduct." Adorno, 312 F. Supp. 2d at 517; see e.g., C.C. v. Ithaca City School Dist., 304 A.D.2d 955, 956, 758 N.Y.S.2d 197 (3rd Dep't 2003) (holding sexual assault by a teacher upon a student was a "clear departure from the scope of employment, committed solely for personal reasons, and unrelated to the furtherance of the employer's business"); N.X. v. Cabrini Med Ctr. (sexual assault perpetrated by hospital employee was not in furtherance of hospital's business and did not support respondeat superior claim); Wilson v. The

---

F.2d 119, 122 (2d Cir. 1991). Rather, plaintiffs would need to establish that defendant Brady's alleged conduct was caused by some unconstitutional city policy. City of Canton v. Harris, 489 U.S. at 385.

<u>Diocese of New York of the Episcopal Church</u>, 1998 U.S. Dist. LEXIS 2051 at *14-16 (sexual assault by

a priest was not in furtherance of business of church or Diocese and did not support claim for <u>respondeat</u>

<u>superior</u> liability); <u>Koren v. Weihs</u>, 190 A.D.2d 560, 560-61, 593 N.Y.S.2d 222 (1st Dep't 1993) (no

vicarious liability against hospital where hospital psychotherapist engaged in sex therapy with a patient).

Therefore, as with indemnification, because, under New York State law, sexual assault, as a matter

of law, does not fall within the scope of employment, defendant City cannot be vicariously liable if

plaintiffs are able to obtain a jury verdict that defendant Brady engaged in sexual misconduct. <u>Wahlstrom</u>

<u>v. Metro-North Commuter R.R.</u>, 96 Civ. 3589 (PKL), 1998 U.S. Dist. LEXIS 5666 (S.D.N.Y. Apr. 23,

1998)(citing <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1298 (2d Cir. 1995)); <u>Fernandez v. DeLeno</u>, 71 F.

Supp. 2d 224, 231 (S.D.N.Y. 1999); <u>Dia CC v. Ithaca City Sch. Dist.</u>, 304 A.D.2d 955, 956, 758 N.Y.S.2d

197 (3rd Dep't 2003).   Therefore, even accepting the facts alleged by plaintiffs as true, there can be no

doubt that any alleged sexual encounters between plaintiff Jane Doe and defendant Brady were not in the

furtherance of the business of the City of New York, nor performed within the scope of Brady's

employment as a police officer.   Accordingly, plaintiffs are not entitled to recovery from defendant City

on this claim, even assuming they are able to establish that defendant Brady sexually assaulted Jane Doe

and thus all claims of vicarious liability against defendant City, relating to defendant Brady's alleged

sexual misconduct, should be dismissed, with prejudice.

## POINT III

### PLAINTIFFS' THIRTEENTH CAUSE OF ACTION SHOULD BE DISMISSED, WITH PREJUDICE, BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

### (Thirteenth Cause of Action of Plaintiffs' Complaint)

Plaintiffs allege that defendants City and Kelly have taken no action against defendant Brady,

"therefore ratifying defendant Brady's violation of plaintiff Jane Doe's rights" and injuring plaintiffs.  <u>See</u>

Hazan Ex. A, ¶¶ 153-156. First, this allegation is factually incorrect and the fact that defendant Brady was disciplined by the New York City Police Department cannot be disputed by plaintiffs. As a result of plaintiff Jane Doe's allegations against him, defendant Brady, was disciplined by the New York City Police Department. See Hazan Ex. I., at NYC 198. Moreover, Police Commissioner Kelly disagreed with the Department Advocate's recommendation for a thirty-day penalty and instead increased the discipline and directed a "30-day penalty, one-year dismissal probation, and an administrative transfer to PSA 2." Id. Additionally, on February 15, 2006, defendant Brady "commenced leavepre-separation." Id. Finally, defendant "Brady was extremely upset at the transfer and as a result [ ] applied for vested retirement." Id. Therefore, if plaintiffs decide to pursue this allegation, it would be in bad faith. Second, defendants are unaware of any viable cause of action wherein plaintiffs can allege that the City of New York failed to properly investigate alleged misconduct of an employee. See Ross v. Bilow, No. 98 Civ. 2234, 1998 U.S. App. LEXIS 30928 (2d Cir. 1998) (no constitutional claim for failure to investigate alleged misconduct of prison staff) (table decision).

For the reasons set forth above, plaintiffs cannot pursue a claim based upon their allegations that the City of New York failed to properly investigate the alleged misconduct of defendant Brady.

## POINT IV

### PLAINTIFFS CANNOT ESTABLISH CLAIMS FOR NEGLIGENT HIRING, RETENTION, AND TRAINING.

**(Fifteenth, Sixteenth and Eighteenth Causes of Action of Plaintiffs' Complaint)**

In their Fifteenth, Sixteenth, and Eighteenth Causes of Action, plaintiffs appear to assert claims against defendants City and Kelly for the allegedly negligent hiring, retention and training of its employees. See Hazan Ex. A, ¶¶ 161-172. For the reasons set forth below, these claims should be dismissed in their entirety, with prejudice.

**A.**     **Plaintiff Jane Doe Cannot Establish Claims For Negligent Hiring, Retention, and Training Of Defendant Scott Brady.**

With respect to the portion of plaintiffs' case relating to the allegations made by Jane Doe against defendant Brady, to the extent that plaintiff Jane Doe asserts a claim against defendants City and Kelly for the allegedly negligent, hiring, retention and training of defendant Brady, those claims should be dismissed, with prejudice. Plaintiff Jane Doe alleges, without any evidentiary support, that she has a claim for negligent hiring, retention, or supervision. However, to state a claim under New York law for negligent hiring, supervision, or retention, the plaintiffs must offer proof that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury." Wilson v. The Diocese of New York of the Episcopal Church, 96 Civ. 2400 (JGK), 1998 U.S. Dist. LEXIS 2051, at *10-11 (S.D.N.Y. Feb. 26, 1998) (citing Kenneth R. v. Roman Catholic Diocese of Brooklyn, 199 A.D.2d 159, 654 N.Y.S.2d 791, 793 (2d Dep't 1997)). In Wilson, the plaintiff alleged that he was assaulted by a priest and sought to hold the Church and the Diocese liable under the theory of negligent hiring, supervision, and retention. Examining the evidence, the Court found that there was nothing to establish that the Diocese nor anyone at the church knew or should have known that the priest had any alleged propensity to commit the sexual assault, both prior to hiring the employee and throughout his employment.

In the matter at bar, even assuming, *arguendo*, that plaintiff Jane Doe's allegations of sexual assault are true, she cannot establish and does not have a good faith basis for believing that the City knew or should have known that defendant Brady would engage in such misconduct. The uncontraverted evidence shows that, other than Jane Doe's allegations against Brady, as seen from defendant Brady's CCRB history, at no time prior to or during Brady's employment as a police officer did the NYPD receive any complaints against Brady for sexual assault. See Hazan Ex. J.

Unless plaintiff Jane Doe can make an offer of proof to support her negligent hiring, retention, or supervision claim against defendants City and Kelly, she should not be permitted to proceed with these allegations against these defendants. Plaintiff Jane Doe merely states in conclusory fashion that she has such a claim. Therefore, plaintiff Jane Doe would not be proceeding with these allegations in good faith and would thus be in violation of Fed R. Civ. P. 11. Further, defendants respectfully submit that if plaintiff Jane Doe realistically believes that she has **any** evidence to support a direct claim against the City of New York and Police Commissioner Kelly, she will make such an offer of proof to Your Honor. Absent such showing, Jane Doe's claims against defendants City and Kelly for the alleged negligent, hiring, retention and training of defendant Brady, should be dismissed, with prejudice.

**B.    Plaintiff John Doe Cannot Establish Claims For Negligent Hiring, Retention, and Training of Defendants Del Rio, Kong and Bobbett.**

With respect to the portion of plaintiffs' case relating to the allegations made by John Doe against the individual defendants, to the extent that plaintiff John Doe asserts a claim against defendants City and Kelly for the alleged negligent, hiring, retention and training of its employees, those claims should be dismissed, with prejudice. Because individual defendants Del Rio, Kong, Bobbett, and Brady, were employed by the City of New York on the day of the alleged incident with John Doe and were acting within the scope of their employment when they interacted with plaintiff John Doe, plaintiff John Doe cannot maintain a claim for negligent hiring, retention or training.[2] Kramer v. City of New York, 2004 U.S. Dist. LEXIS 21914, 37 (S.D.N.Y. Nov. 1, 2004) (citing Colodney v. Continuum Health Partners, Inc., 2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. Apr. 15, 2004)(holding that "when an employee is acting within the scope of her employment, her employer may be held liable for the employee's negligence only

---

[2] Defendant Brady's role was minimal in terms of the claims brought by John Doe and he was acting within the scope of his employment throughout his dealings with John Doe.

under a theory of *respondeat superior*, and no claim may proceed against the employer for negligent hiring or retention.").

## POINT V

### PLAINTIFF JANE DOE CANNOT MAINTAIN HER CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

#### (Sixth Cause of Action in Plaintiffs' Complaint)

Plaintiff Jane Doe brings a claim of Intentional Infliction of Emotional Distress (IIED), under New York State Law against defendants Del Rio, Kong, Bobbett, and Brady. See Hazan Ex.A, ¶¶ 118-121. She alleges that these defendants, (without specifying which defendants took which actions), refused to tell her where her husband was being taken, refused to transport her to safety and refused to allow her to retrieve the Metro-Card which her husband was holding. Id. Instead, plaintiff Jane Doe alleges, that defendants Del Rio, Kong, Bobbett, and Brady abandoned her, "alone on the street, in the middle of the night." Id. Plaintiffs allege that these actions by the defendants, in combination, constituted "extreme and outrageous" conduct. Id. Further, plaintiffs allege that these actions were done in disregard of a likelihood of causing severe emotional distress. Id. Plaintiffs also allege that "[b]y reason of the foregoing, plaintiff John Doe was deprived of the love, companionship, support, and consortium of his wife, plaintiff Jane Doe. See Id at ¶ 121. For the reasons set forth below, plaintiff Jane Doe's IIED claims must be dismissed and plaintiff John Doe's related loss of consortium claim must also be dismissed, with prejudice.

With respect to plaintiff Jane Doe's IIED claims against the individual defendants, in order to state a claim for intentional infliction of emotional distress, a plaintiff must allege conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy v. American Home Products Corp., 58 N.Y.2d 293, 303 (1983); Russell v. Meat Farms, Inc., 160 A.D.2d 987, (2d Dep't

15

1990) (citations omitted). "[I]n New York, 'intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort,' when traditional tort remedies are unavailable." Moore v. The City of New York, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (citing EEOC v. Die Fliedermaus, L.L.C., 77 F. Supp. 2d 460, 472 (S.D.N.Y. 1999)(quoting McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., 256 A.D.2d 269, 682 N.Y.S.2d 167, 169 (1st Dep't 1998)). "Accordingly, 'no intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability.'" Moore v. The City of New York, 219 F. Supp. at 339 (quoting Hansel v. Sheridan, 991 F. Supp. 69, 75 (N.D.N.Y. 1998).

"To maintain a claim of IIED under New York law, the plaintiffs must establish '(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress.'" Sylvester v. City of New York, 385 F. Supp. 2d 431, 441 (S.D.N.Y. 2005), citing, Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996) (citing Howell v. New York Post Co., 81 N.Y.2d 115, 612 N.E.2d 699, 702, 596 N.Y.S.2d 350 (N.Y. 1993)). In Howell, the New York Court of Appeals noted that "the requirements of the rule are rigorous, and difficult to satisfy"; that "of the intentional infliction of emotional distress claims considered by [the New York Court of Appeals], every one has failed because the alleged conduct was not sufficiently outrageous"; and that "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., citing, Howell, 81 N.Y.2d at 122 (internal citation and quotation marks omitted). Here, plaintiffs wholly fail to meet this high standard.

First, in the instant case, defendants are unaware of a duty for police officers to transport an individual who has committed no crime to another location when their spouse is arrested. Moreover, defendants are unaware of a duty for police officers to give property which is in the possession of an individual who is being arrested to their spouse at the scene of an arrest. Nevertheless assuming

*arguendo* that the allegations made by plaintiff Jane Doe in her complaint are true, the defendant officers' conduct was clearly not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy, 58 N.Y.2d at 303. Here, plaintiffs John and Jane Doe were leaving a party in lower Manhattan at approximately 2:50 a.m. on a Saturday night, when plaintiff was arrested. See Hazan Ex. A, ¶¶ 15, and Hazan Exs. F and G. Plaintiff John Doe was arrested at 284 Mott Street, New York, New York and plaintiffs lived approximately 2.2 miles away at 225 Rector Place, New York, New York, which is also in lower Manhattan. See Hazan Exs. F, G, and K. Moreover, the police station where plaintiff John Doe was taken, was located at 19 Elizabeth Street, New York New York, less than a mile away from where he was arrested. See Hazan Exs. F, G, and L. Given, the facts that (1) the officers did not have a duty to transport Jane Doe anywhere; (2) the officers had no duty to give plaintiff Jane Doe property which was in the possession of her husband, an individual who was arrested because the officers believed he had committed a crime; (3) the officers knew that the precinct was less than a mile away; (4) plaintiff was not far from her home, which was also located in lower Manhattan; and (5) plaintiff Jane Doe did in fact walk to the police precinct; defendants' actions clearly were not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy, 58 N.Y.2d at 303. Therefore, Jane Doe's IIED claim should be dismissed, with prejudice.

### POINT VI

**PLAINTIFFS' STATE LAW CLAIMS FOR DEPRIVATION OF LOVE, COMPANIONSHIP, SUPPORT, AND CONSORTIUM ARE STATUTORILY TIME BARRED AND SHOULD BE DISMISSED, AS SHOULD PLAINTIFFS' SIXTH CAUSE OF ACTION.**

Under New York law, a notice of claim is a mandatory condition precedent to bringing a tort claim against the City of New York. See N.Y. Gen. Mun. Law § 50-e; Fincher v. County of Westchester, 979

F. Supp. 989, 1002 (S.D.N.Y. 1997). A notice of claim must set forth the nature of the claim within ninety days of the accrual of the cause of action when a suit is being brought against a municipality and/or its employees. In addition, "any theory of liability omitted from the notice of claim may not be included in a subsequent lawsuit." See e.g. Hazan v. City of New York, 98 Civ. 1716 (LAP), 1999 U.S. Dist. LEXIS 10499, *19 (S.D.N.Y. July 9, 1999)(quoting Jewell v. City of New York, 94 Civ. 5454 (DLC), 1995 U.S. Dist. LEXIS 2282, *2 (S.D.N.Y. Feb. 28, 1995)(dismissed negligent hiring claim against City, "[w]hile the notice did allege "negligence," it contained no facts suggesting that this referred to the City's hiring practices rather than the tortious acts of the traffic agent and police officer").

The purpose of the notice of claim requirement is to allow the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation. Id. New York state courts and federal courts strictly construe Notice of Claim requirements. Baez v. New York City Health and Hospitals Corp., 80 N.Y.2d 571, 576 (1992); Phillips v. Village of Frankfort, 220 N.Y.S.2d 171 (Sup. Ct. 1961); Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir. 1975). Failure to comply with such generally requires dismissal for failure to state a cause of action. See Davidson v. Bronx Mun. Hosp., 484 N.Y.S.2d 533, 535 (1984)("failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation requires dismissal"); Brown v. Metro. Transport. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989).

A.  **Plaintiff John Doe Did Not Allege That He Was Deprived Of Plaintiff Jane Doe's Loss of Love, Companionship, Support, and Consortium in his Notice of Claim.**

In the instant case, plaintiff John Doe alleges that he was "deprived of love, companionship, solace, support and consortium of his wife, Jane Doe" because (1) defendants Del Rio, Kong, Bobbett and Brady allegedly intentionally inflicted emotional distress upon plaintiff Jane Doe because they allegedly refused to tell plaintiff Jane Doe where her husband was being taken and refused to transport her to safety or allow her to retrieve the Metro-card which her husband was holding (Hazan Ex. A ¶¶ 118-121); (2)

18

defendant Scott Brady allegedly used excessive force by sexually assaulting plaintiff Jane Doe (Hazan Ex. A ¶¶ 122-126); (3) defendant Scott Brady allegedly committed assault and battery upon plaintiff Jane Doe (Hazan Ex. A ¶¶ 127-131); (4) defendants City and Kelly allegedly failed to investigate plaintiff Jane Doe's claims against defendant Brady and failed to discipline defendant Brady (Hazan Ex. A ¶¶153-156); (4) defendant Brady intentionally inflicted emotional distress upon defendant Jane Doe (Hazan Ex. ¶¶157-160); (5) defendants City and Kelly allegedly provided grossly inadequate and unprofessional training and supervision to their employees, causing Jane Doe's injuries (Hazan Ex. A ¶¶ 167-172); (6) defendants failed to exercise reasonable care towards plaintiff Jane Doe (Hazan Ex A ¶¶ 173-178); and (7) defendants City and Kelly allegedly had a policy or custom of, commonly known as the "Blue Wall of Silence" which caused Jane Doe's injuries (Hazan Ex A ¶¶ 191-195).

However, plaintiff John Doe did not allege that he was "deprived of love, companionship, solace, support and consortium of his wife, Jane Doe" in his Notice of Claim. <u>See</u> Hazan Ex. H. In fact, nowhere in John Doe's Notice of Claim does he ever mention his wife. <u>Id.</u> He does not mention that his wife was present with him when he was arrested. <u>Id.</u> He does not mention the alleged incident between his wife and defendant Brady. <u>Id.</u> In fact, plaintiff John Doe does not even mention he has a wife in his Notice of Claim. <u>Id.</u> Here, plaintiff John Doe clearly omitted this theory of liability from his Notice of Claim, therefore it may not be included in this lawsuit. <u>See</u> e.g. <u>Hazan v. City of New York</u>, 98 Civ. 1716 (LAP), 1999 U.S. Dist. LEXIS 10499, *19 (S.D.N.Y. July 9, 1999)(quoting <u>Jewell v. City of New York</u>, 94 Civ. 5454 (DLC), 1995 U.S. Dist. LEXIS 2282, *2 (S.D.N.Y. Feb. 28, 1995). The City Defendants had no notice of these claims within ninety days of the incident in question. Consequently, plaintiff has failed to comply with a statutory precondition to suit. Therefore, plaintiff John Doe's claims for loss of consortium should be dismissed with prejudice. <u>Davidson</u>, 484 N.Y.S.2d at 535; <u>Brown</u>, 717 F. Supp. at 259.

**B.**   **Plaintiff Jane Doe Did Not Allege That She Was Deprived of Plaintiff John Doe's Loss of Love, Companionship, Support, and Consortium in Her Notice of Claim.**

In the instant case, plaintiff Jane Doe alleges that she is "deprived of love, companionship, solace, support and consortium of her husband, John Doe" because (1) John Doe was allegedly unlawfully seized by defendants Kong, Del Rio, Bobbett and Brady (Hazan Ex. A ¶¶ 91-97); (2) John Doe was allegedly falsely arrested by defendants City, Kelly, Del Rio, Kong, Bobbett, and Brady (Hazan Ex. A ¶¶ 98-101); (3) excessive force was allegedly used against John Doe by defendants Kong, Del Rio, and Bobbett (Hazan Ex. A. ¶¶ 102-107); (4) John Doe was allegedly assaulted and battered by defendants City, Kelly, Kong, Del Rio, Bobbett, and Brady (Hazan Ex. A ¶¶ 108-114); (5) defendants Del Rio, Kong, Bobbett, and Brady retaliated against plaintiff John Doe for exercising his First Amendment Rights (Hazan Ex. A ¶¶ 115-117); (6) defendants City, Kelly, Del Rio, and Kong allegedly maliciously prosecuted plaintiff John Doe (Hazan Ex. A ¶¶ 132-142); (7) defendants City and Kelly were allegedly deliberately indifferent to the practice or custom of falsifying charges by police officers against citizens in order to cover up the wrongdoing and misconduct by the officers, causing John Doe injuries (Hazan Ex. A ¶¶ 143-152); (8) defendants City and Kelly allegedly provided grossly inadequate and unprofessional training and supervision to their employees, causing John Doe's injuries (Hazan Ex. A ¶¶ 161-166); (9) defendants failed to exercise reasonable care towards plaintiff John Doe (Hazan Ex A ¶¶ 173-178); (10) defendants City and Kelly should have known prior to February 20, 2005 that defendant police officers Del Rio and Kong had a history of using excessive force and failed to curtail the alleged illegal behavior of defendants Del Rio and Kong, causing John Doe injuries (Hazan Ex A ¶¶ 179-184); and (11) defendants City and Kelly allegedly had a policy or custom of, commonly known as the "Blue Wall of Silence" which caused John Doe's injuries (Hazan Ex A ¶¶ 185-190).

However, plaintiff Jane Doe did not allege that she was "deprived of love, companionship, solace, support and consortium of her husband, John Doe" in her Notice of Claim. See Hazan Ex. G. In fact,

Jane Doe's Notice of Claim focuses solely on the damages she allegedly incurred as a result of the alleged sexual assault by defendant Brady. Id. Here, plaintiff Jane Doe clearly omitted this theory of liability from her Notice of Claim, therefore it may not be included in this lawsuit. See e.g. Hazan, 1999 U.S. Dist. LEXIS at *19 (quoting Jewell, 1995 U.S. Dist. LEXIS at *2). The City Defendants had no notice of these claims within ninety days of the incident in question. Consequently, plaintiff has failed to comply with a statutory precondition to suit. Therefore, plaintiff Jane Doe's claims for loss of consortium should be dismissed with prejudice. Davidson, 484 N.Y.S.2d at 535; Brown, 717 F. Supp. at 259.

**C.** **Plaintiff Jane Doe Does Not Allege That She Was Damaged Because Police Officers Refused To Tell Her Where Her Husband Was Being Taken, Refused To Transport Her To Safety And Refused To Allow Her To Retrieve The Metro-Card Which Her Husband Was Holding.**

Additionally, plaintiff Jane Doe failed to serve a Notice of Claim alleging that officers intentionally inflicted emotional distress on plaintiff Jane Doe when they refused to transport her from the location where her husband was arrested and refused to give her property which was in the possession of her husband at the time of his arrest. See Hazan Ex. "G." In fact, Jane Doe's Notice of Claim contains no allegations of the sort. All of her allegations relate to defendant Brady's alleged sexual assault of her. Therefore, the City Defendants had no notice of these claims within ninety days of the incident in question.[3] Consequently, plaintiff has failed to comply with a statutory precondition to suit. Therefore, plaintiff Jane Doe's sixth cause of action should be dismissed with prejudice. Davidson, 484 N.Y.S.2d at 535; Brown, 717 F. Supp. at 259.

---

[3] On May 2, 2005 plaintiffs served two documents purporting to be Notices of Claim on the City of New York claiming monetary damages. See Hazan Decl. Exs. "G" and "H." There is no mention of claims for loss of consortium or that officers intentionally inflicted emotional distress on plaintiff Jane Doe when they refused to transport her from the location where her husband was arrested and refused to give her property which was in the possession of her husband at the time of his arrest. Id.

## POINT VII

## PLAINTIFFS CANNOT MAINTAIN A CAUSE OF ACTION FOR NEGLIGENCE.

### (Seventeenth Cause Of Action in Plaintiffs' Complaint)

Plaintiffs' seventeenth cause of action appears to be against defendants Del Rio, Kong, Bobbett, and Brady for negligence. See Hazan Ex. A, ¶¶ 173-178. In New York, "once offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently." Oliver v. Cuttler, 968 F.Supp. 83, 92 (E.D.N.Y. 1997) (quoting Mazzferro v. Albany Motel Enterprises, Inc., 127 A.D.2d 374 (3d Dep't 1987). Hence, plaintiff Jane Doe's chief complaint is that defendant Brady sexually assaulted her and plaintiff John Doe's chief complaint is that excessive force was used against him and he was falsely arrested. To that end, the complaint is replete with causes of action premised on the individual defendant's allegedly intentional conduct, including, *inter alia*, claims of excessive force in violation of 42 U.S.C. § 1983, assault and battery, intentionally inflicting emotional distress, conspiring to violate plaintiffs' civil rights, false arrest, and malicious prosecution. See Hazan Decl., Exhibit A. Moreover, plaintiffs' have chosen to plead facts that can only support claims of intentional conduct on the part of the individual defendants. It is well settled that where a plaintiff pleads facts that support claims of intentional torts, the same set of facts cannot also support a claim for negligence. LaLonde v. Bruce, 166 F.Supp. 2d 713, 719-20 (N.D.N.Y. 2001). See also Mazurkiewicz v. New York City Transit Auth., 810 F.Supp. 563, 570-71 (S.D.N.Y. 1993) (plaintiff cannot argue that defendants' intentional conduct forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent); Universal Calvary Church v. City of New York, 96 Civ. 4606, 2000 U.S. Dist. LEXIS 17037, *12 (S.D.N.Y. Nov. 28, 2000). "There is no cause of action for negligence on the part of a police officer." Mazurkiewicz, 810 F.Supp. at 571. "A police officer's use of force is privileged to the extent it appears reasonable necessary to effect an arrest or prevent an escape.

N.Y. Penal Law § 35.30. It is not negligence to use force in effecting an arrest. If the force used is unreasonable, then one has a claim for excessive force under § 1983. One's rights accrue only when the force used is unconstitutionally excessive, not when it is negligent. The plaintiff must allege an intentional deprivation of rights under Parratt." Id.

Therefore, for the reasons set forth above, plaintiffs' Seventeenth Cause of Action must be dismissed.

## POINT VIII

### PLAINTIFF JANE DOE FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF NEW YORK AND COMMISSIONER RAYMOND KELLY.

#### (Twentieth Cause of Action in Plaintiffs' Complaint)

Plaintiff Jane Doe's claims against defendants City of New York and Kelly should be dismissed for failure to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Oklahoma v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Department of Social Services, 436 U.S. 658, 609-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries…" Second, the plaintiff must establish a causal connection- an "affirmative link"- between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

To prove the existence of a policy or custom, plaintiff must establish one of the following: (1) a formal policy, officially promulgated or adopted by a municipality, <u>Monell</u>, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights, <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483-84 (1986)(plurality opinion); or (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127-30 (1985) (plurality opinion); <u>Sorlucco v. New York City Police Department</u>, 971 F.2d 864, 871 (2d Cir. 1992). If plaintiff is unable to plead and establish one of the above, municipal liability will not attach.

In the instant case, nowhere in plaintiffs' Complaint does plaintiff Jane Doe allege that (1) the City of New York had a formal policy that caused her alleged injuries; (2) that New York City officials responsible for establishing final policy with respect to the subject matter of this case took action or made a specific decision which caused the alleged violation of her constitutional rights; or (3) that there is an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage." Since plaintiff Jane Doe has failed to make such claims in her Complaint, plaintiff's claim for municipal liability under 42 U.S.C. § 1983 must be dismissed.

In the instant case, plaintiff Jane Doe alleges that defendants City and Kelly had a policy of deliberate indifference to a custom of police officers of "covering up misconduct of police officers, commonly known as the 'Blue Wall of Silence'." <u>See</u> Hazan Decl. Ex. A, ¶¶191-195. In the instant case, plaintiff alleges that her constitutional rights were violated when she was sexually assaulted by defendant Brady. <u>See</u> Hazan Decl. Ex. A. Furthermore, she alleges that the policy of being deliberately indifferent to "police officers covering up misconduct of police officers" allowed defendant Brady to sexually assault plaintiff. However, in the instant case there are no allegations that police officers conspired to cover up

Brady's alleged actions towards plaintiff Jane Doe. In fact, plaintiff Jane Doe does not allege that any other officers were involved in or witnessed the sexual assault. With no witnesses and no other officers involved it would be impossible for other officers to conspire with defendant Brady to cover up what he had done. Plaintiff does not have a good faith basis for making these allegations in the instant case, as defendant Brady was disciplined by the New York City Police Department. Moreover, plaintiff has absolutely no basis to allege that the City is deliberately indifferent to complaints made about police officers' sexually assaulting civilians, and any allegation of this sort is reckless. If plaintiff Jane Doe intends to pursue her baseless <u>Monell</u> claim then she should be forced to produce some evidence of her good faith basis for believing that the police department has a policy of this nature. For these reasons, plaintiff Jane Doe's claim for municipal liability under 42 U.S.C. § 1983 must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants City of New York, Kelly, Del Rio, Kong, and Bobbett respectfully request that the Court dismiss (1) the cross claims brought by defendant Brady; (2) all claims brought against City defendants by plaintiff Jane Doe; and (3) the claims brought by John Doe, as argued above, as against them in their entirety, together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
               December 8, 2006

                        Michael A. Cardozo
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendants City of New York, Commissioner
                        Kelly, Del Rio, Kong, and Bobbett
                        100 Church Street, Room 3-186
                        New York, New York  10007
                        (212) 788-8084

                  By:    _David M. Hazan_____
                        David M. Hazan (DH-8611)
                        Assistant Corporation Counsel
                        Special Federal Litigation Division

TO:    <u>By First Class Mail</u>
       Carolyn A. Kubitschek, Esq.
       Lansner & Kubitschek
       325 Broadway
       Suite 201
       New York, New York 10007

       <u>By First Class Mail</u>
       Susan J. Walsh, Esq.
       Gould Reimer Walsh Goffin Cohn LLP
       61 Broadway
       Suite 1601
       New York, New York 10007

       <u>By First Class Mail</u>
       Bruno Gioffre, Esq.
       Quinn, Ferrante & Mellea
       399 Knollwood Road
       Suite 220
       White Plains, New York 10603

CC:    Honorable Gerard E. Lynch (Via Hand Delivery and ECF)
       United States District Judge, SDNY
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, New York 10007-1312